1  KEVIN ALEXANDER (SBN 175204)
2  BENJAMIN T. MORTON (SBN 199158)
   CRAIG J. MARIAM (SBN 225280)
3  GORDON & REES LLP
   101 W. Broadway, Suite 2000
4  San Diego, CA 92101
   Telephone: (619) 696-6700
5  Facsimile: (619) 696-7124

6  MANUEL SALDANA (SBN 137060)
   GORDON & REES LLP
7  633 W. 5th Street, Ste. 4900
   Los Angeles, CA 90071
8  Telephone: (213) 576-5000
   Facsimile: (213) 680-4470

9

10 Attorneys for Defendant
   **BIC USA, INC.**

11                  **UNITED STATES DISTRICT COURT**

12

13              **SOUTHERN DISTRICT OF CALIFORNIA**

14

15 DONNA R. NELSON, an individual and )   CASE NO.:
   on behalf of the general public,      )
16                                        )   Originally filed in the Superior Court
                        Plaintiff,        )   for the State of California, County of
                                          )   San Diego, Case No. 37-2007-
17     vs.                                )   00081566-CU-BT-CTL
                                          )
18 BIC USA, INC., a Delaware corporation, )
   and DOES 1 through 100, inclusive,     )   **NOTICE OF REMOVAL**
19                                        )
                        Defendants.       )
20 _____   )

21

22

23

24         Pursuant to provisions of 28 U.S.C. §§ 1453(a), 1446, and 1332(d),

25 defendant BIC USA, INC. ("BIC"), files this Notice of Removal of this case from

26 the California Superior Court for the County of San Diego to the United States

27 District Court for the Southern District of California. In support of this Notice of

   Removal, BIC states the following:

28

- 1 -

NOTICE OF REMOVAL                                    CASE NO.

07 DEC 18 PM 12: 40
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:                          DEPUTY

07 CV 2367 IEG BLM

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

## INTRODUCTION

1.     This matter consists of a putative class-action brought by plaintiff, Donna R. Nelson, on behalf of California residents who purchased BIC's disposable lighters with the product or packaging label "Made in USA." BIC is the singular defendant in this action. Plaintiff's Complaint acknowledges that BIC is a Delaware corporation whose principal place of business is located in Milford, Connecticut. Plaintiff's Complaint alleges three causes of action against BIC for: 1) Violation of California Civil Code section 1750, *et seq.* ("Consumer Legal Remedies Act"); 2) Violation of California Business and Professions Code section 17200, *et seq.* ("Unfair Competition"); and 3) Violation of California Business and Professions Code section 17533.7. The Complaint alleges that the amount in controversy does not exceed $4,999,000 as to all class members, but Plaintiff's calculation of said amount is specious and does not include the valuation of all of the restitutionary measures or continuing damages sought. Given the breadth of the purported class, as well as amount in controversy by virtue of the plaintiff's Complaint, removal to District Court is now appropriate.

## REMOVAL PROCEDURES

2.     On May 14, 2007, a previous action titled *Kevin T. Levine vs. BIC USA, Inc. and Does 1 through 100, inclusive* was filed in the Superior Court for the State of California in and for the County of San Diego, Case No. 37-2007-00066691-CU-BT-CTL ("Levine Action") by the same attorneys seeking the same relief.

3.     On May 17, 2007, BIC's authorized California agent for service of process was served with the Summons and Complaint in the Levine Action.

4.     On November 2, 2007, plaintiff in the Levine Action filed a voluntary dismissal of his complaint while BIC's motion to dismiss was under submission with the District Court.

- 2 -

NOTICE OF REMOVAL                                            CASE NO.

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

1          5.       On November 13, 2007, the instant action titled, *Donna R.*

2 *Nelson v. BIC USA, Inc., et al.* was filed in the Superior Court for the State of

3 California in and for the County of San Diego, Case No. 37-2007-00081566-CU-

4 BT-CTL ("Nelson Action").

5          6.       On November 19, 2007, BIC's authorized California agent for

6 service of process was served with the Summons and Complaint in the Nelson

7 Action.

8          7.       Pursuant to 28 U.S.C. §1446(b), a complete copy of all process,

9 pleadings, and orders served upon BIC in the Nelson Action is attached hereto as

10 Exhibit "A."

11          8.       Under 28 U.S.C. §1446(b), the notice of removal of a civil

12 action "shall be filed within thirty days after the receipt by the defendant, through

13 service or otherwise, of a copy of the initial pleading... ." Thus, this notice of

14 removal is timely filed under 28 U.S.C. §1446(b).

15          9.       Venue is proper pursuant to 28 U.S.C. § 1391 because this

16 action was pending in the San Diego County Superior Court.

17                         **STANDARD FOR REMOVAL**

18       **UNDER THE CLASS ACTION FAIRNESS ACT (CAFA)**

19          10.      This lawsuit is an action of which this Court has original

20 jurisdiction under 28 U.S.C. § 1332(d) and is one that may be removed to this

21 Court under 28 U.S.C. §§ 1441, 1446 and 1453. Under the Class Action Fairness

22 Act and pursuant to 28 U.S.C. § 1453(b), class action suits that do not arise under

23 federal law are removable if the combined claims of the class members exceed $5

24 million; there are at least 100 class members; and any class member is a citizen of

25 a different state than any defendant. 28 USC § § 1332(d)(2), 1332(d)(5) 1453(a).

26

27

28

NOTICE OF REMOVAL                               CASE NO.

**DIVERSITY OF CITIZENSHIP**

**EXISTS BETWEEN THE PARTIES**

11. Plaintiff, and all other potential class members, are citizens of the State of California. "Plaintiff is an individual residing in San Diego, California." Complaint ¶ 4. "Plaintiff brings this action on behalf of herself as an individual and on behalf of all other persons similarly situated in the State of California who purchased Defendants' products." Complaint ¶ 20.

12. BIC is, and at all relevant times herein was, a corporation duly formed under the laws of Delaware with its principal place of business in Milford, Connecticut. Complaint ¶ 5. For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, pursuant to 28 U.S.C. § 1332(c)(1), BIC is a citizen of Delaware and Connecticut.

**AMOUNT IN CONTROVERSY**

13. As apparent in the Nelson Action complaint, Plaintiff *attempted* to intentionally plead around CAFA to remain in state court. In particular, Plaintiff pled that the amount in controversy does not exceed $4,999,000. *See* Complaint, ¶ 24. Plaintiff states, "Under no scenario, is the total amount of damages that Plaintiff seeks in this action in excess of $4,999,000." *Id.* However, her damages calculation is specious. While Plaintiff *attempted* to plead an amount in controversy less than the jurisdictional amount, she contradicted herself more than once by, *inter alia,* requesting *damages* in the amount of $4,999,000, but failing to include in her damages calculation her further request for various restitutionary measures and compensation, which would surely bring the amount pled in excess of the jurisdictional limit. An award of damages measures the injury sustained by a plaintiff as a result of the defendant's acts, but an order requiring the disgorgement of profits, however, does not measure the extent of injury to the

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

- 4 -

1  plaintiff, but rather the extent of gain by the defendant. *Bank of the West v.*

2  *Superior Court,* 2 Cal. 4th 1254 (1992). A disgorgement of profits does not equate

3  with damages. *Id.*

4          14.    In addition to damages, Plaintiff also seeks numerous

5  restitutionary measures, all of which must be valued and added to the claimed

6  amount of $4,999,000. For example, not included in her damages calculation is

7  her request for disgorgement of <u>all</u> ill-gotten monies and other relief. *See* Prayer

8  for Relief, ¶¶ 5, 9. Also, Plaintiff seeks a permanent injunction (*see* Prayer for

9  Relief, ¶ 4), "restitution to compensate, and to restore all persons in interest,

10  including all Class Members, with ill-gotten monies…" (*see* Prayer for Relief, ¶ 5),

11  and "such other and further relief as this Court finds just, equitable and proper,

12  including, but not limited to, the remedy of disgorgement" (*see* Prayer for Relief,

13  ¶ 9). To the extent that Plaintiff's claims for a permanent injunction and attorneys'

14  fees are alleged to have been included in the $4,999,000 figure (*see* Complaint,

15  ¶ 24), her additional claims for return of all "ill-gotten monies" and other relief

16  find no such support. In addition, Plaintiff claims that "Defendant continues to

17  engage in illegal conduct," (Complaint, ¶ 44) and that consumers are being

18  victimized "each and every day," (Complaint, ¶ 15) which weighs in favor of

19  removal. *See, e.g., Hardy v. Corina,* 2000 U.S. Dist. LEXIS 7940 at *3 (holding

20  that the number of claims, the nature of those claims, and the allegations that

21  plaintiff continued to suffer damages into the future all weighed in favor of

22  removal).

23          15.    Where the specific amount of damages sought is not alleged in

24  the Complaint, Defendants must prove by a preponderance of the evidence that the

25  amount in controversy prong is satisfied. *See Lowdermilk v. U.S. Bank National*

26  *Ass'n* (9th Cir. 2007) 479 F.3d 994, 998 ("because Plaintiff failed to specify her

27  damages, Defendant must prove only by a preponderance of the evidence that the

28  damages claimed exceed $ 5,000,000"). When it is "facially apparent" from a

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

- 5 -

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

1    complaint that the amount pled is less than the jurisdictional amount, a defendant

2    must prove to a "legal certainty" that the amount in controversy exceeds the

3    jurisdictional amount. *Id.* In this case, while Plaintiff *attempted* to plead an

4    amount in controversy less than the jurisdictional amount, as stated above, she

5    contradicted herself more than once by, *inter alia,* requesting *damages* in the

6    amount of $4,999,000, but failing to include her further prayer for various

7    restitutionary measures and compensation, which would surely bring the amount

8    pled in excess of the jurisdictional limit. In addition, Plaintiff states that the

9    alleged amount in controversy includes attorneys' fees and costs and injunctive

10   relief, but fails to include her claim for other restitutionary measures including

11   disgorgement of all ill-gotten monies and other relief. *See* Prayer for Relief, ¶ ¶ 5,

12   9. For these reasons, BIC contends that the "preponderance of the evidence"

13   standard described in *Lowdermilk* applies because it is not "facially apparent" that

14   the alleged amount in controversy has been pled, but even under the "legal

15   certainty" standard, BIC believes the amount in controversy prong has been

16   demonstrated.

17          16.    Demonstrating that the amount in controversy exceeds a certain

18   sum can be done by setting forth the facts in controversy by way of affidavit,

19   *Luckett v. Delta Airlines, Inc.* (5th Cir. 1999) 171 F.3d 295, 298, as well as by

20   introducing evidence of jury verdicts in cases involving similar facts. *McCaa v.*

21   *Mass. Mut. Life Ins. Co.* (D. Nev. 2004) 330 F. Supp. 2d 1143, 1149; *Gaus v.*

22   *Miles, Inc.* (9th Cir. 1992) 980 F.2d 564. As provided in the attached declaration of

23   Steve Milkey, Senior Director of Sales for BIC, Plaintiff's claim for restitution of

24   all monies *alone* paid to BIC exceeds $5 million.[1] *See* Declaration of Steve Milkey

25   ("Milkey Declaration"), ¶ 4. When damages and attorneys' fees are added to that

26   amount, the claimed recovery far exceeds the threshold amount. *See Gibson v.*

27

28   _____

[1] The figures identified by Mr. Milkey relate to Plaintiff's claims for restitution and therefore, the amount is *in addition to* the Plaintiff's claims for damages of $4,999,000.

NOTICE OF REMOVAL                                    CASE NO.

1  *Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 942-43 (explaining that attorney's

2  fees can be aggregated with other damages for purpose of determining amount in

3  controversy).  Accordingly, the amount in controversy requirement for removal has

4  been met.

### NUMBER OF CLASS MEMBERS

6       17.    As evidenced by the Milkey Declaration, the number of

7  potential class members exceeds 100 by a considerable sum.  According to sales

8  data for the four-year period preceding the filing of this action, from November 14,

9  2003 through November 13, 2007, BIC sold more than 50 million J-26 (i.e.

10 "Maxi") lighters in the State of California.  *See* Milkey Declaration, ¶ 4.  Given the

11 number of sales of the subject lighters, the number of consumers similarly situated

12 as the plaintiff would easily exceed 100 over the relevant period.  Plaintiff likely

13 does not dispute this fact.  The evidence provides that it is beyond controversy that

14 the number of putative class members exceeds 100.

### CONCLUSION

16       18.    Pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of

17 Removal is being filed with the clerk of the Superior Court of California, County

18 of San Diego.

19       19.    Pursuant to 28 U.S.C. § 1446 (d), BIC is providing written

20 notice to Plaintiff.

27 / / /

28 / / /

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

- 7 -

NOTICE OF REMOVAL                          CASE NO.

1    WHEREFORE, BIC, hereby removes the action now pending against it in

2  the Superior Court of the State of California, County of San Diego, to this

3  Honorable Court, and requests that this Court retain jurisdiction for all further

4  proceedings.

5  Dated: December 17, 2007                    GORDON & REES LLP

6

7

8  By: _____
                                             Craig J. Mariam
9                                            Kevin Alexander
                                             Benjamin T. Morton
10                                           Manuel Saldana
                                             Attorneys for Defendant, BIC
11                                           USA, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BICC/1045679/5240641v.1

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

- 8 -

**EXHIBIT A**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JOHN H. DONBOLI (SBN: 205218)<br>JL SEAN SLATTERY (SBN: 210965)<br>DEL MAR LAW GROUP, LLP<br>322 Eighth Street, Suite 101, Del Mar, CA 92014<br>TELEPHONE NO.: 858-793-6244    FAX NO.: 858-793-6005<br>ATTORNEY FOR (Name): Donna R. Nelson | FILED<br>CIVIL BUSINESS OFFICE 5<br><br>07 NOV 13   A 9: 04<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

CASE NAME:
DONNA R. NELSON v. BIC USA, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>37-2007-00081566-CU-BT-CTL |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☑ Business tort/unfair business practice (07) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action (specify): Three
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: November 13, 2007
John H. Donboli, Esq.
_____
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |

| | | CASE NUMBER: |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:    330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:    San Diego, CA 92101
BRANCH NAME:    Central
TELEPHONE NUMBER: (619) 685-6146

PLAINTIFF(S) / PETITIONER(S):    Donna R. Nelson

DEFENDANT(S) / RESPONDENT(S):  Bic USA, Inc.

NELSON VS. BIC USA, INC.

| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2007-00081566-CU-BT-CTL |
|---|---|

Judge:  Jeffrey B. Barton                                   Department: C-69

**COMPLAINT/PETITION FILED:** 11/13/2007

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

3) **SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) **OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:    Central | |

| PLAINTIFF(S):  Donna R. Nelson |
|---|
| DEFENDANT(S): Bic USA, Inc. |
| SHORT TITLE:   NELSON VS. BIC USA, INC. |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER:<br>37-2007-00081566-CU-BT-CTL |
|---|---|

Judge: Jeffrey B. Barton                                                    Department: C-69

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐  Court-Referred Mediation Program                    ☐  Court-Ordered Nonbinding Arbitration

☐  Private Neutral Evaluation                          ☐  Court-Ordered Binding Arbitration (Stipulated)

☐  Private Mini-Trial                                  ☐  Private Reference to General Referee

☐  Private Summary Jury Trial                          ☐  Private Reference to Judge

☐  Private Settlement Conference with Private Neutral  ☐  Private Binding Arbitration

☐  Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____        Date: _____

Name of Plaintiff                                 Name of Defendant

_____                _____

Signature                                         Signature

_____                _____

Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____                _____

Signature                                         Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 11/13/2007                             _____

                                              JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                    Page: 1

3

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**


CASE NUMBER: 37-2007-00081566-CU-BT-CTL      CASE TITLE: Nelson vs. Blc USA, Inc.

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

FILED ON DEMAND

1    JOHN H. DONBOLI (SBN: 205218)
     JL SEAN SLATTERY (SBN: 210965)
2    DEL MAR LAW GROUP, LLP
     322 8th Street, Suite 101
3    Del Mar, CA 92014
     Telephone: (858) 793-6244
4    Facsimile: (858) 793-6005

CIVIL FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2007 NOV 14  P 2:58

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

5    Attorneys for Plaintiff:  DONNA R. NELSON, an individual and on behalf
6    of all others similarly situated

7

8                  SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN DIEGO

9

10   DONNA R. NELSON, an individual and on         CASE NO. 37-2007-00081566-CU-BT-CTL
     behalf of the general public,
11                                                 **CLASS ACTION**
12                          Plaintiff,
                                                   **AFFIDAVIT OF VENUE**
13                  vs.

14   BIC USA, Inc., a Delaware Corporation, and
     DOES 1 through 100, inclusive,
15
                            Defendants.
16

17

18

19

20

21

22

23

24       I, John H. Donboli, declare as follows:

25       1.    I am an attorney licensed to practice before all courts of the State of California

26   and a partner with the law firm of Del Mar Law Group, LLP, attorneys of record for Plaintiff

27   Donna Nelson.  I have personal knowledge of all matters set forth herein and could competently

28

-1-
AFFIDAVIT OF VENUE

1  testify thereto if called to do so at the time of any hearing or trial in this case, except as to those

2  matters averred on information and belief, which I believe to be true.  This affidavit is provided

3  in support of Plaintiff's statutory requirements pursuant to California Civil Code § 1780(c).

4       2.     The transactions that form the basis of this action or a substantial portion thereof

5  occurred in San Diego County.

6       3.     The Complaint filed by Plaintiff contains a cause of action for violation of the

7  Consumers Legal Remedies Act as against defendants.

8       4.     As per the foregoing assertions, this cause of action has been properly

9  commenced in the proper county or judicial district for trial.

10      I declare under penalty of perjury under the laws of California, that the foregoing is true

11  and correct and that this declaration was executed on November 13, 2007, at Del Mar,

12  California.

13

14  _____

15  John H. Donboli

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
AFFIDAVIT OF VENUE

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BIC USA, Inc., a Delaware Corporation, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DONNA R. NELSON, an individual and on behalf of the general public,

<div style="border:1px solid;">
FOR COURT USE ONLY<br>
*(SOLO PARA USO DE LA CORTE)*<br>
CIVIL BUSINESS OFFICE 5<br>
CENTRAL DIVISION<br><br>
2007 NOV 13   A 9 03<br><br>
CLERK-SUPERIOR COURT<br>
SAN DIEGO COUNTY, CA
</div>

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una Carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la Corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:** *(Número del Caso):* 37-2007-00081566-CU-BT-CTL |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

☑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA , CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JOHN H. DONBOLI (SBN: 205218)                    858-793-6244
DEL MAR LAW GROUP, LLP
322 Eighth Street, Suite 101
Del Mar, CA 92014

| DATE: November 13, 2007<br>*(Fecha)*<br>NOV 1 3 2007 | **CLERK OF THE SUPERIOR COURT** |
|---|---|
| Clerk, by C. VAN PELT<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010))
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under  ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416 90 (individual)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]<br>SDSC CIV-218(Rev. 1-04) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.<br>www.USCourtForms.com |

Case 3:07-cv-02367-LAB-RBB    Document 1    Filed 12/18/2007    Page 18 of 34

1  JOHN H. DONBOLI (SBN: 205218)
JL SEAN SLATTERY (SBN: 210965)
2  DEL MAR LAW GROUP, LLP
322 8th Street, Suite 101
3  Del Mar, CA 92014
Telephone: (858) 793-6244
4  Facsimile: (858) 793-6005

5  Attorneys for Plaintiff: DONNA R. NELSON, an individual and on behalf
of all others similarly situated

6

7

8            SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN DIEGO

9

10  DONNA R. NELSON, an individual and on          CASE NO. 37-2007-00081566-CU-BT-CTL
    behalf of the general public,
11                                                 **CLASS ACTION**
                          Plaintiff,
12                                                 **COMPLAINT FOR:**
                    vs.
13                                                 (1)   VIOLATION OF CONSUMERS
    BIC USA, Inc., a Delaware Corporation, and           LEGAL REMEDIES ACT (CIVIL
14  DOES 1 through 100, inclusive,                        CODE SECTION 1750 ET SEQ.);
                                                          AND
15                        Defendants.
                                                   (2)   VIOLATION OF BUSINESS &
16                                                        PROFESSIONS CODE SECTIONS
                                                          17200 *ET SEQ.* (CALIFORNIA
17                                                        UNFAIR COMPETITION LAW)

18                                                 (3)   VIOLATION OF BUSINESS &
                                                          PROFESSIONS CODE SECTION
19                                                        17533.7 (FALSE "MADE IN USA"
                                                          CLAIM).
20
                                                   **DEMAND FOR JURY TRIAL**
21

22

23

24        COMES NOW, plaintiff DONNA R. NELSON ("Plaintiff"), as an individual and on

25  behalf of the general public and all others similarly situated, by her undersigned attorneys,

26  alleges as follows:

27  ///

28

                                        -1-
                              CLASS ACTION COMPLAINT

## NATURE OF THE CASE

1.     This is a class action case brought on behalf of all purchasers of disposable lighter products manufactured, distributed, marketed, and/or sold by BIC USA, INC. ("BIC"). Through a fraudulent, unlawful, deceptive and unfair course of conduct, BIC, and DOES 1 through 100 (collectively "Defendant"), manufactured, marketed, and/or sold a variety of disposable lighters to the California general pubic with the false designation and representation that BIC's disposable lighters were "MADE IN USA." The "MADE IN USA" claim is printed on the product and the products' packaging typically includes prominent pictures of the U.S.A flag. Despite true facts to the contrary, the BIC disposable lighter is substantially made, manufactured or produced from component parts that are manufactured outside of the United States in violation of California law.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter in that Defendants routinely transact business in San Diego County.

3.     Venue in this Court is proper pursuant to Code of Civil Procedure Section 395 and 395.5, Business & Professions Code §§ 17203, 17204, and Civil Code § 1780(c) because Defendant does business in San Diego County and Plaintiff's transactions took place within the County.

## PARTIES

4.     Plaintiff is an individual residing in San Diego, California.

5.     Defendant BIC is a corporation that is organized and exists under the laws of the State of Delaware. BIC's principal place of business is located at 500 BIC Drive,  Milford, CT 06460.  BIC may be served with process in this matter by serving its California registered agent for service of process, CT Corporation, 818 West Seventh Street, Los Angeles, CA 90017.

6.     BIC is a leading manufacturer and distributor of disposable lighters in the United States and the number one worldwide manufacturer of branded lighters.  BIC maintains the following website: www.bicworld.com.

1    7.    Plaintiff is ignorant of the true names and capacities of the defendants sued

2  herein as DOES 1-100, inclusive; therefore, Plaintiff sues these defendants by such fictitious

3  names. Plaintiff is informed and believes that each of the fictitious named defendants are legally

4  responsible in some manner for the occurrences herein alleged, assisted in and about the wrongs

5  complained herein by providing financial support, advice, resources or other assistance. Plaintiff

6  will amend the complaint to allege their true names and capacities when ascertained.

7    8.    Plaintiff is informed and believes that all defendants were agents, servants and

8  employees of their co-defendants, and in doing the things hereinafter mentioned, were acting

9  within the scope of their authority as such agents, servants and employees with the permission

10  and consent of their co-defendants.

11    **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12    9.    Plaintiff incorporates herein each and every allegation contained in paragraphs 1

13  through 8, inclusive, as though fully set forth herein.

14    10.    Defendant manufactures and markets disposable lighters that have printed on the

15  product itself and the product packaging that the BIC disposable lighter is "MADE IN USA."

16    11.    Defendant also routinely places prominent images of the U.S.A. flag on the

17  packaging of the BIC lighters to falsely signify that its products are "MADE IN USA."

18    12.    Despite true facts to the contrary, the BIC disposable lighter is substantially

19  made, manufactured or produced with component parts that are manufactured outside of the

20  United States. The foreign component parts that constitute the BIC disposable lighter includes,

21  but is not limited to the: (a) Flint Spring; (b) Fork Spring; (c) Fuel Tank Metal Ball; (d) Base; (e)

22  Hood; (f) Spring Wheel; (g) Spark Wheel; (h) Valve; and (i) Jet; which, on information and

23  belief is made in France, China, Spain, and/or Brazil.

24    13.    Defendant markets, and continues to market, and represent to the general public

25  that the BIC disposable lighter is "MADE IN USA." In addition, Defendant fraudulently

26  concealed the material facts at issue herein by failing to disclose to the general pubic the true

27  facts regarding the country of origin designation appearing on the BIC disposable lighter and

28

-3-

CLASS ACTION COMPLAINT

1 │ packaging. The disclosure of this information was necessary in order to make Defendant's

2 │ representation not misleading for want of disclosure of these omitted facts. Defendant possesses

3 │ superior knowledge of the true facts which were not disclosed, thereby tolling the running of any

4 │ applicable statute of limitations.

5 │      14.     Consumers and users of these products are particularly vulnerable to these

6 │ deceptive and fraudulent practices. Most consumers possess very limited knowledge of the

7 │ likelihood that products, including the component parts therein, claimed to be made in the United

8 │ States are in fact made in foreign countries. This is a material factor in many individuals'

9 │ purchasing decisions, as they believe they are supporting American companies and American

10 │ jobs.

11 │      15.     Some consumers believe that "MADE IN USA" products are higher quality than

12 │ their foreign-manufactured counterparts. Due to Defendant's scheme to defraud the market,

13 │ members of the general public were fraudulently induced to purchase Defendant's products at

14 │ premium prices. During the relevant time period, BIC charged excess monies for its lighter

15 │ products, in comparison to its disposable lighter competitors, based on the false "MADE IN

16 │ USA" designation that was intended to deceive the California consumer. California laws are

17 │ designed to protect consumers from this type of false representation and predatory conduct.

18 │ Defendant's scheme to defraud consumers is ongoing and will victimize consumers each and

19 │ every day until altered by judicial intervention.

20 │      16.     On information and belief, Defendant employs approximately 100 union

21 │ employees, who are members of United Steelworkers of America (Local 134), to currently

22 │ manufacture the BIC disposable lighters at issue in this case. BIC could potentially be

23 │ employing 100 additional union employees to manufacture its disposable lighters if it elected to

24 │ produce all of the disposable lighter component parts, which BIC currently procures from outside

25 │ the United States, in its Connecticut manufacturing facility. BIC's actions relating to obtaining

26 │ the disposable lighter component parts from outside of the United States prevents hundreds of

27 │ additional United Steelworkers of America (Local 134) from having jobs at the BIC plant in

28 │

-4-

CLASS ACTION COMPLAINT

1 | Connecticut.

## THE PLAINTIFF TRANSACTIONS

17.    On several occasions during the relevant statutory time period, Plaintiff purchased many BIC disposable lighters in San Diego, California.  In each case, the product itself was marked with "MADE IN USA."  In each case, the BIC disposable lighter unlawfully contained component parts made outside of the United States and BIC was not entitled to lawfully make a "MADE IN USA" representation.

18.    In each case when Plaintiff, and Class Members, purchased a BIC disposable lighter, they relied upon Defendant's "MADE IN USA" representation in their purchasing decision, which is typical of most California consumers, and they were deceived as a result of Defendant's actions.  These purchasing decisions were supported by the prominent U.S.A. representations made by Defendant, which is absent from most of Defendant's disposable lighter competitors.  Plaintiff believed at the time she purchased BIC disposable lighters that she was in fact supporting U.S. jobs and the U.S. economy.

19.    In each case, Plaintiff suffered an "actual injury" because Plaintiff's money was taken by Defendant as a result of Defendant's false "MADE IN USA" claims set forth on the BIC disposable lighters.  As such, Plaintiff and Class Members were injured as a result of Defendant's false "MADE IN USA" representations that are at issue in this litigation.

## CLASS ALLEGATIONS

20.    Plaintiff brings this action on behalf of herself as an individual and on behalf of all other persons similarly situated in the State of California who purchased Defendant's products.  Specifically, excluded from the class is any persons who have a controlling interest in BIC, any of BIC's parent companies, subsidiaries, and BIC's officers, directors, managers, shareholders and members of their immediate families; and their heirs, successors and assigns (the "Class") pursuant to Code of Civil Procedure § 382 and Business & Professions Code § 17200 et seq.  The class also does not include any persons who previously filed suit against BIC for similar violations of California law.

-5-

CLASS ACTION COMPLAINT

21.    The members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court. On information and belief, the exact number and identities of the members of the Class are readily ascertainable from the records in Defendant's possession.

22.    There is a well-defined community of interest in the questions of law and fact involved in this case.

23.    All causes of action herein have been brought and may properly be maintained as a class action pursuant to the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

a.    Numerosity: On information and belief, the Class is so numerous that the individual joinder of all members would be impracticable.

b.    Common Questions Predominate: Common questions of law and fact exist as to all members of the Class, and those questions clearly predominate over any questions that might affect members individually. These common questions of law and fact include, for example, whether Defendants violated Section 17533.7 of the California Business & Professions Code by misrepresenting the national origin of its disposable lighter products because the component parts of these products are manufactured outside the United States and whether Defendant's actions in this regard constitute an unfair, unlawful, or fraudulent business practice pursuant to Section 17200 et seq. of the California Business & Professions Code.

c.    Typicality: On information and belief, plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class sustained damages arising out of Defendant's common course of conduct complained herein.

d.    Adequacy: Plaintiff will fairly and adequately protect the interest of the members of the Class because Plaintiff has no interests which are adverse to the interests of absent class members and because Plaintiff has retained counsel who possesses significant litigation experience regarding alleged violations of consumer statutes.

1    e.    Superiority:  A class action is superior to other available means for the fair

2   and efficient adjudication of this controversy since individual joinder of all members would be

3   impracticable.  Class action treatment will permit a large number of similarly situated persons to

4   prosecute their common claims in a single forum simultaneously, efficiently and without the

5   unnecessary duplication of effort and expense that numerous individual actions would engender.

6   Furthermore, since most class members' individual claims for damages are likely to be modest,

7   the expenses and burdens of litigating individual actions would make it difficult or impossible

8   for individual members of the Class to redress the wrongs done to them.  An important public

9   interest will be served by addressing the matter as a class action, substantial economies to the

10   litigants and to the judicial system will be realized and the potential for inconsistent or

11   contradictory judgments will be avoided.

12       24.    The amount in controversy as to Plaintiff (individually) or any other individual

13   Class Member does not exceed $10.00 and the amount in controversy as to all Class Members,

14   inclusive of attorneys' fees and costs, and injunctive relief (to the extent it can be valued) does

15   not exceed $4,999,000.  Under no scenario, is the total amount of damages that Plaintiff seeks in

16   this action in excess of $4,999,000.  Accordingly, no federal court has "original jurisdiction"

17   over this claim pursuant to, *inter alia*, the Class Action Fairness Act of 2005 ("CAFA"), codified

18   in relevant part at 28 U.S.C. §§ 1332(d) and 1453(b), which provides that federal courts have

19   "original jurisdiction" only where there is diversity of citizenship, the action is between citizens

20   of different states, and the amount in controversy exceed $5,000,000, exclusive of fees and

21   costs.  28 U.S.C. § 1332(d).

22       a.    Federal courts are courts of limited jurisdiction, which strictly construe their

23            own jurisdiction.  *Lowdermilk v. U.S. Bank National Ass'n* (2007) 479 F.3d

24            994, 998.  It is well established that the plaintiff is the "master of her

25            complaint" and can "plead to avoid federal jurisdiction" *Id.* at 998-99.  Thus,

26            when the damages sought by plaintiff appear from the four corners of the

27            complaint to be less than the jurisdictional amount, as in this case, the

28

-7-

CLASS ACTION COMPLAINT

defendant seeking removal must not only contradict the plaintiff's own

assessment of damages, but must overcome the presumption against federal

jurisdiction by showing plaintiff is "legally certain" to recover at least five

million dollars. *Id.* at 999. In fact, a plaintiff may sue for less than the

amount she may be entitled to if she wishes to avoid federal jurisdiction and

remain in state court subject only to a "good faith" requirement in pleading,

which is inherent in every filing. *See St. Paul Mercury Indem. Co. v. Red Cab

Co.* (1938) 303 U.S. 283, 288-89.

25.     Plaintiff and Class Members do <u>not</u> seek Defendant's overall profits or gross revenues from the sale of the disposable lighters that are at issue in this litigation because it is not the proper measure of damages in this case.

26.     On information and belief, the average price of the BIC disposable lighter at issue in this litigation is $1.39 and the average <u>wholesale</u> price of the BIC disposable lighter at issue in this litigation is $0.93 [less 33% of the retail price]. Assuming, *arguendo*, that Defendant sold 60 million disposable lighters with the false "MADE IN USA" designation to California consumers during the past four years at the average wholesale price of $0.93, then the gross proceeds from such sales would be $55.8 million dollars. The seminal case on this issue, *Colgan v. Leatherman Tool Group, Inc.*, Cal.App.4th 663,696 (2nd Dist. 2006), <u>rejected</u> a calculation of restitution at 25 percent of the average wholesale unit price per tool. Again, assuming, *arguendo*, that 5 percent would be the more appropriate restitution calculation in this case, the restitution amount would be limited to $2.79 million dollars in this litigation. This hypothetical calculation is demonstrative of the inherent difficulty that BIC will have in presenting to a legal certainty that its damages exceed $5 million dollars in this case (to the extent BIC seeks to remove this action to federal court). *See Lowdermilk,* 479 F.3d at 999.

## FIRST CAUSE OF ACTION

### (Violation of Consumers Legal Remedies Act As Against All Defendants)

27.     Plaintiff realleges and incorporates herein by reference all of the allegations

-8-

1   contained in Paragaphs1 through 26, inclusive, of this complaint as though fully set forth herein.

2        28.    California Civil Code Section 1750 *et seq.* (entitled the Consumers Legal

3   Remedies Act) provides a list of "unfair or deceptive" practices in a "transaction" relating to the

4   sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating The

5   Consumers Legal Remedies Act is expressed in Civil Code Section 1760, which provides, *inter*

6   *alia*, that its terms are to be:

7                    [C]onstrued liberally and applied to promote its underlying

8                    purposes, which are to protect consumers against unfair and

9                    deceptive business practices and to provide efficient and

10                   economical procedures to secure such protection.

11       29.    Defendant's products constituted "goods" as defined in Civil Code Section

12  1761(a).

13       30.    Plaintiff, and Class members, are each a "Consumer" as defined in Civil Code

14  Section 1761(d).

15       31.    Each of Plaintiff's purchases of Defendant's products constituted a "transaction"

16  as defined in Civil Code Section 1761(e).

17       32.    Civil Code Section 1770(a)(4) and (9) provides that "[t]he following unfair

18  methods of competition and unfair or deceptive acts or practices undertaken by any person in a

19  transaction intended to result or which results in the sale or lease of goods or services to any

20  consumer are unlawful:  Using deceptive representations or designations of geographic origin in

21  connection with goods or services....Advertising good or services with intent not to sell them as

22  marketed."

23       33.    Defendant violated Civil Code Section 1770(a)(4) and (9) by marketing and

24  representing that its products are "MADE IN USA" when they actually contain component parts

25  that are manufactured outside of the United States.

26       34.    It is alleged on information and belief that Defendant's violations of the

27  Consumer's Legal Remedies Act set forth herein were done with awareness of the fact that the

28

1   conduct alleged was wrongful and were motivated solely for increased profit.  It is also alleged

2   on information and belief that Defendant did these acts knowing the harm that would result to

3   Plaintiff and that Defendant did these acts notwithstanding that knowledge.

4       35.     At this time, Plaintiff is not seeking damages under Civil Code § 1780.  Thus,

5   pursuant to Civil Code § 1780(d),[1] Plaintiff is not required *per se* to give a 30-day notice prior to

6   filing this Complaint.  Plaintiff reserves her right to give such notice and to amend this

7   Complaint at a later time to assert a claim for monetary damages Civil Code § 1780.

8       36.     As a direct and proximate result of Defendant's violations of the Consumers

9   Legal Remedies Act, Plaintiff and Class members are entitled to:  (a) a declaration that

10  Defendants violated the Consumers Legal Remedies Act, and (b) an injunction preventing

11  Defendant's unlawful actions.  Plaintiff and Class Members suffered an "actual injury" because

12  Plaintiff and Class Members' money was taken by Defendant as a result of Defendant's false

13  "MADE IN USA" claims set forth on the BIC disposable lighters.

## SECOND CAUSE OF ACTION

### (Violation of Business & Prof. Code Section 17200 *Et Seq.* As Against All Defendants)

16      37.     Plaintiff realleges and incorporates herein by reference all of the allegations

17  contained in Paragaphs1 through 36, inclusive, of this complaint as though fully set forth herein.

18      38.     Business & Professions Code section 17200 *et seq*. provides that unfair

19  competition means and includes "any unlawful, unfair or fraudulent business act or practice and

20  unfair, deceptive, untrue or misleading marketing."

21      39.     By and through their conduct, including the conduct detailed above, Defendant

22  engaged in activities which constitute unlawful, unfair, and fraudulent business practices

23  prohibited by Business & Professions Code Section 17200 *et seq*.  Beginning at an exact date

---

[1] Section 1780(d) states:  "An action for injunctive relief brought under the specific provisions of Section 1770 may be commenced without compliance with subdivision (a).  Not less than 30 days after the commencement of an action for injunctive relief, and after compliance with subdivision (a), the consumer may amend his or her complaint without leave of court to include a request for damages. The appropriate provisions of subdivision (b) or (c) shall be applicable if the complaint for injunctive relief is amended to request damages."

CLASS ACTION COMPLAINT

1   unknown as yet and continuing up through the present Defendant committed acts of unfair

2   competition, including those described above, by engaging in a pattern of "unlawful" business

3   practices, within the meaning of Business & Professions Code Section 17200 *et seq.*, by

4   manufacturing, distributing, marketing products with a false country of origin designation and

5   violating Section 17533.7 by falsely claiming that the products referenced herein are "MADE IN

6   USA" that are made with component parts manufactured outside of the United States.

7         a.  In addition, beginning at an exact date unknown as yet and continuing up

8               through the present Defendant committed additional acts of unfair

9               competition, including those described above, by engaging in a pattern of

10              "unlawful" business practices, within the meaning of Business & Professions

11              Code Section 17200 et seq., by misrepresenting the BIC disposable lighter

12              country of origin as "MADE IN USA," so third-party distributors that sell

13              Defendant's disposable lighters to the federal government could unwittingly

14              sell "foreign made" products in violation of the provisions of the Buy

15              American Act. See 41 USC §§ 10a-10d.

16     40.    Beginning at an exact date unknown as yet and continuing up through the present,

17   Defendant committed acts of unfair competition that are prohibited by Business and Professions

18   Code section 17200 *et seq.*  Defendant engaged in a pattern of "unfair" business practices that

19   violate the wording and intent of the statutes, by engaging in practices that threatens an incipient

20   violation of law, or violates the policy or spirit of laws because its effects are comparable to or

21   the same as a violation of the law by manufacturing, distributing, and marketing products with a

22   false country of origin designation and violating Section 17533.7 by falsely claiming that the

23   products referenced herein are "Made in U.S.A." when they actually contain component parts

24   manufactured outside of the United States.

25         a.  Alternatively, Defendant engaged in a pattern of "unfair" business practices

26              that violate the wording and intent of the statutes, by engaging in practices

27              that are immoral, unethical, oppressive or unscrupulous, the utility (if any) of

28

CLASS ACTION COMPLAINT

which conduct is far outweighed by the harm done to consumers and public policy by manufacturing, distributing, marketing, and advertising products with the false claim that the products referenced herein are "Made in U.S.A."

b. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was of the kind that the consumers themselves could not reasonably have avoid by manufacturing, distributing, marketing, and advertising products with the false claim that the products referenced herein are "Made in U.S.A."

41.    Beginning at an exact date unknown as yet and continuing up through the present, Defendant committed acts of unfair competition, including those described above, prohibited by Business and Professions Code section 17200 *et seq.* by engaging in a pattern of "fraudulent" business practices within the meaning of Business & Professions Code section 17200 *et seq.*, by manufacturing, distributing, marketing products with a false country of origin designation and violating Section 17533.7 by falsely claiming that the products referenced herein are "MADE IN USA."

42.    Defendant engaged in these unlawful, unfair and fraudulent business practices for the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendants.

43.    As a result of the repeated violations described herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors and the public.

44.    Defendant's unlawful, unfair and fraudulent business practices presents a continuing threat to the public in that Defendant continues to engage in illegal conduct.

45.    Such acts and omissions are unlawful and/or unfair and/or fraudulent and

1   constitute a violation of Business & Professions Code section 17200 *et seq.*  Plaintiff reserves the

2   right to identify additional violations by Defendant as may be established through discovery.

3        46.    As a direct and legal result of their unlawful, unfair and fraudulent conduct

4   described herein, Defendant has been and will be unjustly enriched by the receipt of ill-gotten

5   gains from customers, including Plaintiff, who unwittingly provided their money to Defendant

6   based on Defendant's fraudulent country of origin designation.  The proper measure of the ill-

7   gotten gains is set forth in the analysis contained in the seminal case of *Colgan v. Leatherman*

8   *Tool Group, Inc.* (2006) Cal.App.4th 663 and is not determined by simply claiming that

9   Defendant's overall "revenues" and/or "gross profits" exceeds $5 million dollars as it pertains to

10  the disposable lighters that are at issue in this litigation.

11       47.    Plaintiff and Class Members suffered an "actual injury" because Plaintiff and

12  Class Members' money was taken by Defendant as a result of Defendant's false "MADE IN

13  USA" claims set forth on the BIC disposable lighters.

14       48.    In prosecuting this action for the enforcement of important rights affecting the

15  public interest, Plaintiff seeks the recovery of attorneys' fees under Code of Civil Procedure

16  section 1021.5, which is available to a prevailing plaintiff who wins relief for the general public.

## THIRD CAUSE OF ACTION

**(Violation of Business & Professions Code § 17533.7 As Against All Defendants)**

19       49.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 48,

20  inclusive, as if set forth in full herein.

21       50.    Business & Professions Code Section 17533.7 provides:

> It is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise or on which merchandise or on its container there appears the words "Made in U.S.A." "Made in America," "U.S.A.," or similar words when the merchandise or *any article, unit, or part thereof,* has been entirely or substantially made, manufactured, or produced outside of the United States.  (emphasis added).

-13-

CLASS ACTION COMPLAINT

51.     Defendant violated Business & Professions Code Section 17533.7 by selling and offering to sell merchandise in the State of California with the "MADE IN USA" label as fully set forth herein. The merchandise at issue in this case actually contains <u>component parts</u> that are manufactured outside of the United States.

52.     It is alleged on information and belief that Defendant's violations of Business & Professions Code Section 17533.7 was done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit. It is also alleged on information and belief that Defendant did these acts knowing the harm that would result to Plaintiff and that Defendant did these acts notwithstanding that knowledge.

53.     As a direct and proximate result of Defendant's violations of Business & Professions Code Section 17533.7, Plaintiff and Class members are entitled to restitution of excess monies paid to Defendant by Plaintiff and Class members relating to the false "MADE IN USA" claims on Defendant's disposable lighter products. The proper measure of damages in this regard is set forth in the analysis contained in *Leatherman* and is not determined by simply claiming that Defendant's overall "revenues" and/or "gross profits" exceeds $5 million dollars as it pertains to the disposable lighters that are at issue in this litigation.

54.     Plaintiff and Class Members suffered an "actual injury" because Plaintiff and Class Members' money was taken by Defendant as a result of Defendant's false "MADE IN USA" claims set forth on the BIC disposable lighters.

55.     In prosecuting this action for the enforcement of important rights affecting the public interest, plaintiff seeks to recover attorneys' fees under Section 1021.5 of the Code of Civil Procedure, which is available to a prevailing plaintiff who wins relief for the general public.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, as follows:

## PRAYER

1.     Damages according to proof as to the third cause of action (See *Colgan v. Leatherman Tool Group, Inc.*, Cal.App.4th 663,696 (2nd Dist. 2006));

1    2.    For a judgment declaring this action to be a proper class action;

2    3.    Declaring that Defendant violated the provisions of California Business &

3    Professions Code §§ 17200 et seq.;

4    4.    Pursuant to California Business & Professions Code Section 17204, Civil Code

5    Section 1780, and pursuant to the equitable powers of this Court, enjoining Defendant, their

6    subsidiaries, affiliates, and their successors, agents, servants, officer, directors, employees, and

7    all persons, acting in concert with them, directly or indirectly, from engaging in conduct

8    violative of California law as fully detailed herein;

9    5.    Pursuant to Business & Professions Code Section 17204, requiring Defendant to

10   provide restitution to compensate, and to restore all persons in interest, including all Class

11   Members, with all ill-gotten monies acquired by means of Defendant's unfair competition, which

12   is measured by the analysis contained in the seminal case of *Colgan v. Leatherman Tool Group,*

13   *Inc.* (2006) Cal.App.4th 663;

14   6.    A declaration that Defendant violated Business & Professions Code § 17533.7;

15   7.    Plaintiff's reasonable attorneys' fees as it relates to all three causes of action

16   (pursuant to Civil Code § 1780 as it relates to the first cause of action and pursuant to Code of

17   Civil Procedure § 1021.5 as it relates to the second and third causes of action);

18   8.    For costs of suit incurred herein; and

19   9.    For such other and further relief as this Court finds just, equitable and proper,

20   including, but not limited to, the remedy of disgorgement.

21   Dated: November 13, 2007

Respectfully submitted,

22

DEL MAR LAW GROUP, LLP

23

24   by _____

25   JOHN H. DONBOLI
     JL SEAN SLATTERY
26   Attorneys for Plaintiff DONNA R. NELSON, an
     individual and on behalf of all others similarly
27   situated

28

-15-

CLASS ACTION COMPLAINT

# UNITED STATES
# DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

# # 145664    — BH

# December 18, 2007
# 12:38:16

# Civ Fil Non-Pris
USAO #.: 07CV2367 CIVIL FILING
Judge..: IRMA E GONZALEZ
Amount.:                    $350.00 CK
Check#.: BC# 65278

# Total-> $350.00

FROM: CIVIL FILING
      NELSON V. BIC USA

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DONNA R. NELSON | BIC USA, INC., Does 1-100 |

'07 CV 2367 IEG BLM

FILED

| (b) County of Residence of First Listed Plaintiff San Diego | County of Residence of First Listed Milford, CT |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

'07 DEC 18 PM 12: 37

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

CLERK US. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| John H. Donboli / JL Sean Slattery<br>Del Mar Law Group, LLP<br>322 Eighth Street, Suite 101<br>Del Mar, CA 92014<br>(859) 793-6244 | Kevin W. Alexander / Benjamin T. Morton / Craig J. Mariam<br>Gordon & Rees LLP<br>101 West Broadway, Suite 1600<br>San Diego, CA 92101<br>(619) 696-6700 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury— Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [X] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities – Employment
- [ ] 446 Amer. w/Disabilities – Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Defendants removal of action under 28 U.S.C. 1441, 1446, 1453 (Plaintiff's action described below)

Brief description of cause:
Class Action alleging violations of CA Civ. Code sect. 1750 et seq.,CA Bus. & Prof. Code sect, 17200 et seq.

## VII. REQUESTED IN COMPLAINT:
- [X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ _____
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| December 5, 2007 | (Craig J. Mariam) |

FOR OFFICE USE ONLY

RECEIPT # 145664   AMOUNT $350 –12/18/07 BH   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

American LegalNet, Inc. | www.USCourtForms.com