KEVIN ALEXANDER (SBN 175204)
BENJAMIN T. MORTON (SBN 199158)
CRAIG J. MARIAM (SBN 225280)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

MANUEL SALDANA (SBN 137060)
GORDON & REES LLP
633 W. 5th Street, Ste. 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
**BIC USA, INC.**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA R. NELSON, an individual and on behalf of the general public, | CASE NO.: 3:07-cv-2367 |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| vs. | |
| BIC USA, INC., a Delaware corporation, and DOES 1 through 100, inclusive, | |
| Defendants. | |

COMES NOW defendant BIC USA, INC. ("Defendant") and for its Answer to Plaintiff DONNA R. NELSON's ("Plaintiff") Complaint, states as follows:

### ANSWER TO COMPLAINT

1.    Defendant admits that Plaintiff purports to bring this action on behalf of "all purchasers of disposable lighter products manufactured, distributed, marketed, and/or sold by BIC USA, INC." Defendant denies that it has engaged in a fraudulent, unlawful, deceptive and unfair course of conduct. Defendant is without knowledge or information sufficient to form a belief as to the remaining

- 1 -

1  allegations contained in paragraph one of the Complaint, and therefore denies
2  same.

3      2.     Defendant admits that the United States District Court has jurisdiction
4  over this matter.

5      3.     Defendant admits that venue in the United States District Court for the
6  Southern District of California is proper.

7      4.     Defendant is without knowledge or information sufficient to form a
8  belief as to the allegations in paragraph four of the Complaint, and therefore denies
9  same.

10      5.     Defendant admits the allegations contained in paragraph five of the
11  Complaint.

12      6.     Defendant admits that it has an interest in the website located at
13  http://www.bicworld.com. Based on Plaintiff's characterization of the remaining
14  allegations in paragraph six of the Complaint, Defendant is without knowledge or
15  information sufficient to form a belief as to those allegations, and therefore denies
16  same.

17      7.     Defendant is without knowledge or information sufficient to form a
18  belief as to the allegations in paragraph seven of the Complaint, and therefore
19  denies same.

20      8.     Defendant is without knowledge or information sufficient to form a
21  belief as to the allegations in paragraph eight of the Complaint, and therefore
22  denies same.

23      9.     Defendant incorporates herein its responses to paragraphs 1 through 8,
24  inclusive, as though fully set forth herein.

25      10.    Defendant admits that it markets some disposable lighters that have
26  printed on the product and its packaging the "Made in USA" designation.
27  Defendant is without knowledge or information sufficient to form a belief as to the
28

- 2 -

ANSWER TO COMPLAINT                                    CASE NO. 3:07-cv-2367

1  remaining allegations in paragraph ten of the Complaint, and therefore denies
2  same.

3      11.    Defendant denies that it falsely signifies that its products are "Made in
4  USA." Given Plaintiff's characterizations of the remaining allegations contained
5  in paragraph eleven of the Complaint, Defendant is without knowledge or
6  information sufficient to form a belief as to those allegations, and therefore denies
7  same.

8      12.    Defendant admits that there are "true facts to the contrary" as to
9  Plaintiff's allegations contained in paragraph twelve of the Complaint. Defendant
10  is without knowledge or information sufficient to form a belief as to the remaining
11  allegations in paragraph twelve of the Complaint, and therefore denies same.

12      13.    Defendant denies that it fraudulently concealed or failed to disclose to
13  the general public the true facts regarding the country of origin designation of its
14  lighters. Given Plaintiff's characterizations as to the remaining allegations in
15  paragraph thirteen of the Complaint, Defendants in unable to and without sufficient
16  information to form a belief as to those allegations, and therefore denies same.

17      14.    Defendant denies the allegations in paragraph fourteen of the
18  Complaint.

19      15.    Defendant denies the allegations in paragraph fifteen of the
20  Complaint.

21      16.    Defendant denies the allegations in paragraph sixteen of the
22  Complaint.

23      17.    Defendant denies that its disposable lighters unlawfully contain
24  component parts made outside of the United States and that it was not entitled to
25  lawfully make the "Made in USA" representation. Defendant is without
26  knowledge or information sufficient to form a belief as to the remaining allegations
27  in paragraph seventeen of the Complaint, and therefore denies same.

28

ANSWER TO COMPLAINT                              CASE NO.  3:07-cv-2367

1      18.    Defendant is without knowledge or information sufficient to form a
2   belief as to the allegations in paragraph eighteen of the Complaint, and therefore
3   denies same.

4      19.    Defendant denies the allegations in paragraph nineteen of the
5   Complaint.

6      20.    Defendant is without knowledge or information sufficient to form a
7   belief as to the allegations in paragraph twenty of the Complaint, and therefore
8   denies same.

9      21.    Defendant is without knowledge or information sufficient to form a
10   belief as to the allegations in paragraph twenty-one of the Complaint, and therefore
11   denies same.

12      22.    Defendant is without knowledge or information sufficient to form a
13   belief as to the allegations in paragraph twenty-two of the Complaint, and therefore
14   denies same.

15      23.    Defendant is without knowledge or information sufficient to form a
16   belief as to the allegations in paragraph twenty-three, and all of its sub-parts, of the
17   Complaint, and therefore denies same.

18      24.    Defendant denies the allegations contained in paragraph twenty-four,
19   and all of its sub-parts, of the Complaint.

20      25.    Defendant is without knowledge or information sufficient to form a
21   belief as to the allegations in paragraph twenty-five of the Complaint, and therefore
22   denies same.

23      26.    Given the vague and ambiguous nature of the allegations contained in
24   paragraph twenty-six of the Complaint, Defendant is without knowledge or
25   information sufficient to form a belief as to those allegations, and therefore denies
26   same.

27      27.    Defendant incorporates herein its responses to paragraphs 1 through
28   26, inclusive, as though fully set forth herein.

- 4 -

28. Defendant admits the existence of California Civil Code sections 1750 *et seq.* Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph twenty-eight of the Complaint, and therefore denies same.

29. Defendant is without knowledge or information sufficient to form a belief as to the allegations insofar as the term "products" is used in paragraph twenty-nine of the Complaint, and therefore denies same.

30. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph thirty of the Complaint, and therefore denies same.

31. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph thirty-one of the Complaint, and therefore denies same.

32. Defendant admits the existence of California Civil Code section 1770(a). Defendant is without knowledge or information sufficient to form a belief as to the characterization of the allegations in paragraph thirty-two of the Complaint, and therefore denies same.

33. Defendant denies the allegations in paragraph thirty-three of the Complaint.

34. Defendant denies the allegations in paragraph thirty-four of the Complaint.

35. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph thirty-five of the Complaint, and therefore denies same.

36. Defendant denies the allegations in paragraph thirty-six of the Complaint.

37. Defendant incorporates herein its responses to paragraphs 1 through 36, inclusive, as though fully set forth herein.

38.   Defendant admits the existence of California Business & Professions Code sections 17200 *et seq.* Defendant is without knowledge or information sufficient to form a belief as to the characterization of the allegations in paragraph thirty-eight of the Complaint, and therefore denies same.

39.   Defendant denies the allegations in paragraph thirty-nine, and all of its sub-parts, of the Complaint.

40.   Defendant denies the allegations in paragraph forty, and all of its sub-parts, of the Complaint.

41.   Defendant denies the allegations in paragraph forty-one of the Complaint.

42.   Defendant denies the allegations contained in paragraph forty-two of the Complaint.

43.   Defendant denies the allegations contained in paragraph forty-three of the Complaint.

44.   Defendant denies the allegations contained in paragraph forty-four of the Complaint.

45.   Defendant denies those allegations contained in paragraph forty-five of the Complaint.

46.   Defendant denies those allegations contained in paragraph forty-six of the Complaint.

47.   Defendant denies those allegations contained in paragraph forty-seven of the Complaint.

48.   Defendant denies that Plaintiff is entitled to recover its attorneys' fees. Defendant denies the remaining allegations contained in paragraph forty-eight of the Complaint.

49.   Defendant incorporates herein its responses to paragraphs 1 through 48, inclusive, as though fully set forth herein.

ANSWER TO COMPLAINT                                CASE NO.  3:07-cv-2367

50.    Defendant admits the existence of California Business & Professions Code section 17533.7. Defendant is without knowledge or information to form a belief as to the characterization of the remaining allegations contained in paragraph fifty of the Complaint, and therefore denies same.

51.    Defendant denies the allegations contained in paragraph fifty-one of the Complaint.

52.    Defendant denies the allegations contained in paragraph fifty-two of the Complaint.

53.    Defendant denies the allegations contained in paragraph fifty-three of the Complaint.

54.    Defendant denies the allegations contained in paragraph fifty-four of the Complaint.

55.    Defendant denies that Plaintiff is entitled to recover its attorneys' fees. Defendant denies the remaining allegations contained in paragraph fifty-five of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

### Second Affirmative Defense

Defendant affirmatively avers that the issues of liability and damages should be bifurcated and, therefore, requests same.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Fifth Affirmative Defense

Plaintiff's claims are barred under the doctrine of unclean hands.

- 7 -

Sixth Affirmative Defense

Plaintiff's claims are barred because there exists a superseding or intervening cause of her injuries.

Seventh Affirmative Defense

Plaintiff's state law claims are barred due to federal preemption.

Eighth Affirmative Defense

Plaintiff assumed the risk of her alleged injuries.

Ninth Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitations including, but not limited to, California Code of Civil Procedure sections 338, 339(1), 340(3), 340.4, and 340.5.

Tenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of primary jurisdiction.

Eleventh Affirmative Defense

Plaintiff has no standing to bring this action.

Twelfth Affirmative Defense

Plaintiff failed to join all necessary and indispensable parties.

Thirteenth Affirmative Defense

Plaintiff's Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set out above cannot be determined until Defendant has the opportunity to conduct adequate discovery. Therefore, Defendant reserves the right to assert any additional defenses based upon evidence obtained during the course of discovery.

**JURY DEMAND**

Defendant herein demands a trial by jury as to all issues contained in Plaintiff's Complaint.

- 8 -

1       WHEREFORE, having answered Plaintiff's Complaint, Defendant requests

2  the following relief:

3      1.    That Plaintiff's claims be dismissed;

4      2.    That Plaintiff recover nothing from Defendant;

5      3.    For the costs of this action, including such attorneys' fees as are

6  permitted by law; and

7      4.    For such other and further relief as this Court deems just and proper.

8

9

Dated:  December 26, 2007             GORDON & REES LLP

10

11

12                                By: _____

                                   Craig J. Mariam

13                                     Benjamin T. Morton

                                   Kevin W. Alexander

14                                     Manuel S. Saldana

                             Attorneys for Defendant BIC USA,

15                               INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

ANSWER TO COMPLAINT                        CASE NO.  3:07-cv-2367

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 101 W. Broadway, Suite 2000, San Diego, CA 92101. On December 26, 2007, I served the within document:

**1. ANSWER TO COMPLAINT**

☐ **BY FACSIMILE, [Fed. Rule Civ. Proc. Rule 5(b)]** by sending a true copy from Gordon & Rees LLP's facsimile transmission telephone number (619) 696-7124 to the fax number(s) set forth below, or as stated on the attached service list. I am readily familiar with the firm's practice for sending facsimile transmissions, and know that in the ordinary course of Gordon & Rees LLP's business practice the document(s) described above will be transmitted by facsimile on the same date that it (they) is (are) placed at Gordon & Rees LLP for transmission.

☒ **BY U.S. MAIL [Fed. Rule Civ. Proc. Rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC FILING.** I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

**John H Donboli**
Del Mar Law Group, LLP
322 Eighth Street
Suite 101
Del Mar, CA 92014
Email: jdonboli@delmarlawgroup.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 26, 2007, at San Diego, California.

EVANGELINE GUZMAN

-1-

BICC/1048462/5269941v.1