1  JOHN DONBOLI (SBN: 205218)
   jdonboli@delmarlawgroup.com
2  JL SEAN SLATTERY (SBN: 210965)
   sslattery@delmarlawgroup.com
3  DEL MAR LAW GROUP, LLP
   322 8th Street, Suite 101
4  Del Mar, CA 92014
   Telephone: (858) 793-6244
5  Facsimile: (858) 793-6005

6  Attorneys for Plaintiff: DONNA R. NELSON, an individual and on behalf
   of all others similarly situated
7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

| 11  DONNA R. NELSON, an individual and on behalf of the general public, | ) **CASE NO:** 3:07-cv-02367-LAB-RBB |
|---|---|
| 12 | ) **MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION** |
| 13                    Plaintiff, | ) |
| 14           vs. | ) |
| 15  BIC USA, Inc., a Delaware Corporation, and DOES 1 through 100, inclusive, | ) ACCOMPANYING DOCUMENTS: Notice of Motion and Motion; Declaration of Kevin T. Levine |
| 16                    Defendants. | ) |
| 17 | ) **[28 U.S.C. § 1447]** |
| 18 | ) Date:           March 3, 2008<br>) Time:           10:30 a.m.<br>) District Judge: Judge Larry Alan Burns<br>) Room/Floor:   Room 9 / 2nd Floor |
| 19 | |
| 20 | ) **[ORAL ARGUMENT REQUESTED]** |

24      Plaintiff DONNA R. NELSON ("Plaintiff") hereby submits this Memorandum of Points

25  and Authorities in Support of the Motion to Remand for Lack of Subject Matter Jurisdiction.

26  **I.      INTRODUCTION**

27      Plaintiff respectfully requests that this Court remand the above-entitled action to the

28  Superior Court of the State of California, County of San Diego because defendant BIC USA,

1 INC. ("Defendant" or "BIC") has failed to satisfy its burden of proof that federal subject matter
2 jurisdiction exists in this case. In particular, Defendant has failed to establish, *inter alia*, that the
3 amount in controversy exceeds $5,000,000 exclusive of interests and costs.

4 **II.   PROCEDURAL BACKGROUND**

5 On or about November 13, 2007, Plaintiff filed a proposed Class Action Complaint
6 ("Complaint") in the Superior Court of California, County of San Diego for damages and
7 injunctive relief against BIC. See Complaint (Case No. 37-2007-00081566-CU-BT-CTL)
8 attached to Notice of Removal as Exhibit "A," on file herein. The Complaint asserts three causes
9 of action predicated on violations of California law:  (1) Violation of Consumers Legal Remedies
10 Act (California Civil Section 1750 *et seq*.); (2) Violation of California's Unfair Competition Law
11 (California Business & Professions Code Section 17200 *et seq*.); and (3) Violation of
12 California's False "Made In USA" Designation Statute (California Business & Professions Code
13 Section 17533.7). All causes of action arise from BIC's unlawful claims that its Maxi disposable
14 lighters are "Made in the USA."

15 On or about November 19, 2007, BIC was served with a copy of the Summons and
16 Complaint. See Notice of Removal, Page 3, ¶ 6, Lines 5-7, on file herein.

17 On or about December 5, 2007, BIC filed a Notice of Removal, and the case was
18 assigned to the Hon. Irma E. Gonzalez (Case No. 3:07-cv-02367-IEG-BLM).

19 On or about January 3, 2008, the case was transferred to the Hon. Larry A. Burns (Case
20 No. 3:07-cv-02367-LAB-RBB).[1]

21 **III.   ANALYSIS**

22 **A.   Legal Standard**

23 "A civil action in state court may be removed to federal district court if the district court

---

[1] BIC implies in the Notice of Removal that there may have been something improper about the dismissal of the *Levine v. BIC USA, Inc.* case (Case No. 3:07-CV-01096-LAB-RBB), which was previously before this Court. This suggestion is patently false, to the extent BIC is suggesting as much, because Mr. Levine, the purported class representative in the *Levine* action, specifically directed the dismissal of the *Levine* action when he contemplated the anticipated zealousness that Gordon & Rees, LLP (Mr. Levine's former attorneys in an arbitration matter captioned as *Levine v. All Commercial Insurance Services, Inc.* in 2003-2004) would question his adequacy as a class representative. Mr. Levine also did not want his name to be circulated in the pleading caption of the *Levine* action for the next several years to the extent Plaintiff sought leave of this Court in the *Levine* action to add a new representative plaintiff. See Declaration of Kevin T. Levine, ¶ 2-9, filed concurrently herewith.

had 'original jurisdiction' over the matter." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1441(a)). The Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453(b), provides that federal courts have "original jurisdiction" only where there is diversity of citizenship, the action is between citizens of different states, and the amount in controversy exceed $5,000,000, exclusive of fees and costs. 28 U.S.C. § 1332(d).

### 1. The Longstanding Presumption Against Removal Continues After CAFA

It is clear that the courts strictly construe the removal statue against removal jurisdiction; especially in light of well established case law which dictates that plaintiff is the "master of her complaint" and can "plead to avoid federal jurisdiction" *Lowdermilk*, 479 F.3d at 998-99; *see also Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). There is also a strong presumption against removal and if there is *any doubt* as to the right of removal, federal jurisdiction must be rejected. *Id.* This presumption is supported by principals of fairness and judicial efficiency, particularly when, as here, jurisdiction "rests on the defendant's own calculations of potential exposure under the plaintiff's claim." *Rodgers v. Central Locating Service, Ltd,* 412 F.Supp.2d 1171, 1175 (W.D. Wash. 2006).

### 2. BIC Has the Burden to Establish Removal Jurisdiction Pursuant to the Class Action Fairness Act

The Ninth Circuit Court of Appeals has held that the burden of establishing removal jurisdiction is on the proponent of federal jurisdiction. *Lowdermilk*, 479 F.3d at 997; *see also Serrano v. 180 Connect, Inc., et al.*, 478 F.3d 1018 (9th Cir. 2007). As Defendant is the proponent of federal jurisdiction in this case, it has the burden of establishing jurisdiction. As set forth in detail below, Defendant has failed to establish that this Court has jurisdiction over this case. Therefore, Plaintiff respectfully submits that this Court does not have subject matter jurisdiction over this matter and this case should be remanded back to state court.

/ / /

/ / /

### 3. BIC Has the Burden to Establish To a "Legal Certainty" That the Amount in Controversy Exceeds $5,000,000

As set forth above, federal courts are courts of limited jurisdiction, which strictly construe their own jurisdiction. *Lowdermilk*, 479 F.3d at 998. It is also well established that the plaintiff is the "master of her complaint" and can "plead to avoid federal jurisdiction." *Id.* at 998-99. Thus, in cases such as this where the damages sought by plaintiff appear from the four corners of the complaint to be less than the jurisdictional amount, the defendant seeking removal "must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction" by showing plaintiff is legally certain to recover at least five million dollars. *Id.* at 999.

In adopting "legal certainty" as the standard of proof, the *Lowdermilk* court expressly guarded the presumption against federal jurisdiction and preserved the plaintiff's prerogative, subject to the good faith requirement, to forgo a potentially larger recovery to remain in state court. *Id.*

Mere allegations that the matter in controversy exceeds the jurisdictional requirement do not overcome the strong presumption against removal jurisdiction nor satisfy defendant's burden of establishing the amount in controversy. *See Gaus,* 980 F.2d at 567 (finding that defendant's bald recitation that the amount in controversy exceeded $50,000 without identifying any specific factual allegations or provisions in the complaint that might support that proposition, provoked *sua sponte* remand).

Moreover, the longstanding rule that a defendant bears the burden of proof to establish the amount in controversy, recognized in all of the Federal Circuits, continues to apply after the passage of CAFA. *See Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676 (9th Cir. 2006); *see also Rogers,* 412 F.Supp.2d 1171 (W.D. Wash. 2006). In *Abrego Abrego*, the Ninth Circuit Court held that CAFA did not shift the burden of establishing that there is no removal jurisdiction to the party contesting removal, but instead held that the burden remained on the party seeking removal. *Id.* at 678. The court noted that in cases removed from state court, the removing defendant has "always borne the burden of establishing federal jurisdiction, including

any applicable amount in controversy requirement." *Id.* at 682-83.

### B. BIC Has Failed to Overcome Its Burden of Establishing to a "Legal Certainty" That the Amount in Controversy Exceeds $5,000,000

Given the unambiguous authority that the plaintiff is the "master of her complaint" and can "plead to avoid federal jurisdiction," *see Lowdermilk*, 479 F.3d at 998-99, BIC cannot simply file the Notice of Removal and claim that the amount in controversy exceeds $5,000,000 to avoid state court jurisdiction. Here, Plaintiff unequivocally pled that damages do not exceed $5,000,000. Plaintiff alleges:

> The amount in controversy as to Plaintiff (individually) or any other individual Class Member does not exceed $10.00 and the amount in controversy as to all Class Members, inclusive of attorneys' fees and costs, and injunctive relief (to the extent it can be valued) does not exceed $4,999,000. Under no scenario, is the total amount of damages that Plaintiff seeks in this action in excess of $4,999,000. Accordingly, no federal court has "original jurisdiction" over this claim pursuant to, *inter alia*, the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453(b), which provides that federal courts have "original jurisdiction" only where there is diversity of citizenship, the action is between citizens of different states, and the amount in controversy exceed $5,000,000, exclusive of fees and costs. 28 U.S.C. § 1332(d)."

Complaint, ¶ 24 (emphasis added).

BIC should not be permitted to create federal jurisdiction; especially given that federal courts are courts of limited jurisdiction, which should strictly construe their own jurisdiction. *Lowdermilk*, 479 F.3d at 998. BIC also fails to overcome the relevant legal standard because it has not produced any evidence showing that it is legally certain that the amount in controversy in this action exceeds $5,000,000. Plaintiff specifically pled in Paragraph 24 of the Complaint that "under no scenario, is the total amount of damages that Plaintiff seeks in this action in excess of $4,999,000" because Plaintiff anticipated that BIC would file a Notice of Removal, claiming that Plaintiff had somehow contradicted herself in the pleadings, no matter what she pled in the Complaint.[2] Again, BIC should not be permitted to create federal jurisdiction in this case.

---

[2] This is exactly what occurred in this case.

1    It is also not legally certain that the amount in controversy exceeds $5,000,000 as it
2 relates to the recovery of attorneys' fees and injunctive relief sought in the Complaint.  *See*
3 *Lowdermilk*, 479 F.3d at 1000 (attorneys' fees); *see also Sanchez v. Monumental Life Ins. Co.*,
4 102 F.3d 398, 405 (injunctive relief).  BIC elected to present an overly simplistic declaration on
5 an irrelevant issue regarding BIC's overall revenues and profits pertaining to the Maxi
6 disposable lighter at issue.  Even if BIC's overall revenues from the sales of the Maxi disposable
7 lighters exceeds $5,000,000 in California during the past four years, it is still <u>not</u> the appropriate
8 standard for measuring damages on a motion for remand.

9    The declaration of Steve Milkey provides that BIC sold "more than 50 million J-26 (i.e.,
10 'Maxi') lighters in the State of California.  Further, during this period from November 14, 2003
11 through November 14, 2007, BIC has received in excess of $5 million dollars in revenues and
12 profits from the sale of BIC J-26 (Maxi) lighters in the State of California."  Declaration of Steve
13 Milkey In Support of Defendant's Notice of Removal ("Milkey Declaration"), ¶ 4, at p. 2, lines
14 14-18.  BIC's calculations, however, are conclusory and not supported by the relevant legal
15 authority.  The Complaint similarly provides that "Plaintiff and Class Members do <u>not</u> seek
16 Defendant's overall profits or gross revenues from the sale of the disposable lighters that are at
17 issue in this litigation because it is not the proper measure of damages in this case."  Complaint,
18 ¶ 25.  Therefore, BIC has failed to meet its burden of establishing federal jurisdiction.
19 Accordingly, Plaintiff respectfully submits that this Court has no subject matter jurisdiction over
20 this matter and this case should be remanded back to state court.

21    **C.    This Court Lacks Subject Matter Jurisdiction as the Amount in Controversy**
22         **Does Not Exceed $5,000,000**

23    BIC claims that CAFA applies in this case because the amount in controversy exceeds
24 $5,000,000, exclusive of interest and costs.  Specifically, BIC argues that Plaintiff failed "to
25 include in her damages calculations her further request for various restitutionary measures and
26 compensation, which would surely bring the amount pled in excess of the jurisdictional limit."
27 Notice of Removal, ¶ 13, at 4:23-26.  This claim misrepresents the content of the Complaint.  In
28 it, Plaintiff unequivocally and clearly alleged that "[u]nder no scenario, is the total amount of

damages that Plaintiff seeks in this action in excess of $4,999,000. Accordingly, no federal court has "original jurisdiction" over this claim pursuant to, *inter alia*, the Class Action Fairness Act of 2005 ("CAFA")." Complaint, ¶ 24 (emphasis added).

BIC's analysis is also flawed in that it fails to appreciate that the measure of damages in this case, as set forth in the seminal case of *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal.App.4th 663 (2nd Dist. 2006), is not measured by the total of its gross profits relating to California sales or even by 25% of its gross profits. *Id*. at 700 [Although the *Leatherman* case was remanded on appeal based on the absence of evidence to support the amount of restitution awarded, the trial court rejected as "'inequitable' a percentage of Leatherman's gross profits as an appropriate measure of either the unlawful benefit to Leatherman or the amount necessary to restore consumers to the position in which they would have been but for the unlawful conduct."]. (Complaint, p. 14, Prayer for Damages at ¶ 1).[3]

As set forth in *Gaus*, the "bald" allegation that BIC realized $5 million in revenues from the sale of its "Maxi" disposable lighters does not overcome the strong presumption against removal jurisdiction nor satisfy BIC's burden of establishing the amount in controversy. *See, supra, Gaus*, 980 F.2d at 567 (9th Cir. 1992) (finding that defendant's bald recitation that the amount in controversy exceeded $50,000 without identifying any specific factual allegations or provisions in the complaint that might support that proposition, provoked *sua sponte* remand).

### 1. The Measure of Damages Is Not BIC's Total Revenues As It Relates to the "Maxi" Lighters

As set forth above, the *Leatherman* trial court rejected as "inequitable" a percentage of Leatherman's gross profits as the appropriate measure of either the unlawful benefit to Leatherman or the amount necessary to restore consumers to the position in which they would have been but for the unlawful conduct." *Id*. at 700. As such, BIC's claim that it "received in

---

[3] CLRA statutory damages were awarded in *Leatherman* in the amount of $1,000 "because it was unable to determine the amount of actual damages, the trial court awarded $1,000, the statutory minimum, for a violation of the CLRA prescribed by Civil Code section 1780, subdivision (a)(1). The trial court stated: 'If this Court were able to determine actual damages, this Court would have awarded more than $1,000. How much more, the Court does not know.'" *Id*. at 676.

excess of $5 million dollars in revenues from the sale of BIC J-26 (Maxi) lighters in the State of California" is irrelevant and not dispositive of the amount in controversy issue.  Milkey Declaration, ¶ 4, lines 16-18.

As set forth in the Complaint:

> On information and belief, the average price of the BIC disposable lighter at issue in this litigation is $1.39 and the average wholesale price of the BIC disposable lighter at issue in this litigation is $0.93 [less 33% of the retail price].  Assuming, *arguendo*, that Defendant sold 60 million disposable lighters with the false "MADE IN USA" designation to California consumers during the past four years at the average wholesale price of $0.93, then the gross proceeds from such sales would be $55.8 million dollars.  The seminal case on this issue, *Colgan v. Leatherman Tool Group, Inc.*, Cal.App.4th 663,696 (2nd Dist. 2006), rejected a calculation of restitution at 25 percent of the average wholesale unit price per tool.  Again, assuming, *arguendo*, that 5 percent would be the more appropriate restitution calculation in this case, the restitution amount would be limited to $2.79 million dollars in this litigation.  This hypothetical calculation is demonstrative of the inherent difficulty that BIC will have in presenting to a legal certainty that its damages exceed $5 million dollars in this case (to the extent BIC seeks to remove this action to federal court).  *See Lowdermilk,* 479 F.3d at 999.

Complaint, ¶ 24.

As set forth in the Complaint, the *Leatherman* court rejected a calculation of restitution at 25 percent of the average wholesale unit price per tool.  Again, assuming, *arguendo*, that 5 percent would be the more appropriate restitution calculation in this case based on the sale of 60 million disposable lighters, then the restitution amount would be limited to $2.79 million dollars in this litigation.  This hypothetical calculation is demonstrative of the inherent difficulty that BIC has in presenting evidence to a "legal certainty" that damages exceed $5 million dollars in this case.  As BIC is the proponent of federal jurisdiction in this case, it has the burden of establishing jurisdiction. *See Lowdermilk*, 479 F.3d at 997; *see also Serrano*, 478 F.3d at 1018.

Simply stated, the Complaint specifically alleges aggregate damages *less than* $5,000,000 and Defendant fails to establish to a legal certainty that damages exceed $5,000,000.  Therefore, Plaintiff respectfully submits that this Court does not have subject matter jurisdiction over this

matter.

## IV. CONCLUSION

Based upon the reasons set forth above, Plaintiff respectfully requests that this Court issue an Order remanding this case back to state court for lack of subject matter jurisdiction.

Dated: January 8, 2008                    Respectfully submitted,

DEL MAR LAW GROUP, LLP


by s/John H. Donboli
JOHN H. DONBOLI
E-mail: jdonboli@delmarlawgroup.com
JL SEAN SLATTERY
E-mail: sslattery@delmarlawgroup.com
Attorneys for Plaintiff KEVIN LEVINE, an individual and on behalf of all others similarly situated