KEVIN ALEXANDER (SBN 175204)
RICHARD SPIRRA (SBN 106361)
CRAIG J. MARIAM (SBN 225280)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

MANUEL SALDANA (SBN 137060)
GORDON & REES LLP
633 W. 5th Street, Ste. 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
**BIC USA, INC.**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA R. NELSON, an individual and on behalf of the general public,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>BIC USA, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>　　　　　　　Defendants. | CASE NO.: 3:07-cv-2367<br><br>Honorable Larry A. Burns<br><br>**DEFENDANT BIC USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Accompanying Documents:<br><br>1. Evidentiary objections to Declaration of Kevin T. Levine;<br>2. Declaration of Steve Milkey;<br>3. Exhibit A to August 6, 2007 Declaration of Steve Milkey (filed and maintained under seal)<br><br>Date:　　　March 3, 2008<br>Time:　　　10:30 a.m.<br>Courtroom: 9 / 2nd Floor<br><br>[ORAL ARGUMENT REQUESTED] |

/ / /

/ / /

- 1 -
OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND　　　　　　　CASE NO. 3:07-cv-2367

## Table of Contents

Page

I. INTRODUCTION ...........................................................................................................2

II. SUMMARY OF ARGUMENT .....................................................................................3

III. THE ALLEGATIONS IN THE COMPLAINT ESTABLISH THAT THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL THRESHOLD. ..................................................................................................................4

    A. Plaintiff Seeks the Recovery of Restitutionary and Other Compensatory Measures in Her Complaint, But Fails to Include Them in Her "Amount in Controversy" Calculation. ...........................................................................................5

    B. The Value of Injunctive Relief Alone Establishes, to a Legal Certainty, That the Jurisdictional Threshold Has Been Met. .................................................7

    C. Plaintiff's Rhetoric Regarding the Purported Measure of Damages is Inapposite. ..................................................................................................................10

IV. CONCLUSION .............................................................................................................10

i

Table of Authorities

Page

**Cases**

*Bank of the West v. Superior Court,*
  2 Cal. 4th 1254 (1992)..........................................................................................5

*Berman v. Narrangansett Racing Ass'n,*
  414 F.2d 311 (1st Cir. 1969).................................................................................8

*Berry v. American Express Pub., Corp.,*
  381 F.Supp.2d 1118 (C.D. Cal. June 15, 2005)................................................7, 8

*Family Motor Inn, Inc. v. L-K Enterprises Consol. Foods Corp.,*
  369 F.Supp. 766 (E.D. Ky.1973)..........................................................................8

*Government Employees Ins. Co. v. Lally,*
  327 F.2d 568 (4th Cir. 1964).............................................................................7, 8

*Hardy v. Corina,*
  2000 U.S. Dist. LEXIS 7940.................................................................................6

*Hatridge v. Aetna Cas. & Surety Co.,*
  415 F.2d 809 (8th Cir. 1969).................................................................................8

*In re Ford Motor Co./Citibank (So.Dakota) N.A.,*
  264 F.3d 952 (9th Cir. 2001).................................................................................8

*Kevin T. Levine v. Bic USA, Inc.* Case No. 3:07-CV-01096-LAB-RBB..........2, 3, 4

*Luckett v. Delta Airlines, Inc.*
  (5th Cir. 1999) 171 F.3d 295................................................................................5

*Ridder Bros., Inc. v. Blethen,*
  142 F.2d 395 (9th Cir. 1944).............................................................................7, 8

*Ronzio v. Denver & R.G.W.R.R.,*
  116 F.2d 604 (10th Cir. 1940)...............................................................................8

*Sanchez v. Monumental Life Ins. Co.,*
  102 F.3d 398 (9th Cir. 1996).................................................................................7

*Snow v. Ford Motor Co.,*
  561 F.2d 787 (9th Cir. 1977).............................................................................7, 8

*Tatum v. Laird,*
  144 U.S.App.D.C. 72,
  444 F.2d 947 (1971)..............................................................................................8

**Statutes**

California Business and Professions Code section 17200..........................................2

California Business and Professions Code section 17533.7.......................................2

California's Consumer Legal Remedies Act..............................................................2

Class Action Fairness Act...................................................................................passim

Defendant BIC USA, INC. ("BIC") respectfully submits its opposition to Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction as follows:

## I. INTRODUCTION

This case is one of a series of cases filed by the same law firm against companies that have allegedly violated California Business and Professions Code section 17533.7. In this case, the complaint alleges that BIC violates the statute because a disposable lighter manufactured by BIC allegedly contains some components that are manufactured outside of the United States. The complaint also alleges that, because BIC's use of the designation violates B & P Code sec. 17533.7, it is an unfair business practice in violation of B & P Code sec. 17200 et. seq. (California's unfair competition law, hereinafter referred to as the "UCL"). The complaint alleges the claim should be accorded class action treatment under California's Consumer Legal Remedies Act ("CLRA") and the UCL on behalf of all other similarly situated consumers who purchased the BIC disposable lighters in California.

This case alleges the same claims as a prior lawsuit that was filed in San Diego County Superior Court and then removed to this Court. That case was entitled *Kevin T. Levine v. Bic USA, Inc.* It was designated case no. 3:07-CV-01096-LAB-RBB. In that case, this Court denied the plaintiff's motion for remand on similar grounds as those presented in Ms. Nelson's motion for remand. After the remand motion was denied, and BIC's motion to dismiss was pending, the plaintiff voluntarily dismissed that case with prejudice.

The present case was also filed in San Diego County Superior Court, and has been removed to this Court by BIC. The facts alleged in this case are the same facts alleged in the prior case. Plaintiff's counsel has merely added some statements concerning its intent to seek damages that fall one dollar below the amount that would convey jurisdiction in this Court under the Class Action Fairness Act ("CAFA"). The additional assertions are merely an attempt to

1 circumvent this Court's ruling in *Levine*. Mr. Levine states that the reason for
2 dismissal of the *Levine* action is because he was "uncomfortable with having [his]
3 name listed on the caption in perpetuity... ." *See* Declaration of Kevin T. Levine,
4 ¶ 8. However, instead of dismissing the action with prejudice, all he would have
5 had to have done is to seek leave of this Court to substitute the class representative
6 and amend the caption. For the reasons that follow, Plaintiff's position is without
7 merit.

## II. SUMMARY OF ARGUMENT

As in the *Levine* action, Plaintiff contends that this Court does not have subject matter jurisdiction of this matter because, as required under CAFA, the amount in controversy allegedly does not exceed $5 million. The Complaint alleges that the amount sought in *damages* does not exceed $4,999,000 as to all class members, but Plaintiff's calculation of the amount in controversy is specious in that it does not include the value of all of the restitution, disgorgement remedies and other compensatory measures or continuing harm sought under the Complaint. In light of the fact that the Complaint seeks disgorgement of all "ill-gotten gains," and Plaintiff alleges every sale of the BIC® lighters was procured through the use of misleading "Made in the USA" designation, and BIC had well over $5 million in alleged sales in California during the purported class period, the Complaint clearly seeks disgorgement of in excess of $5 million. Moreover, Plaintiff fails to properly value the request for injunctive relief.[1]

The *only* specific averment as to the total "amount in controversy" is that it does not exceed $10.00 as to any particular class member. Complaint, ¶ 24. However, because, as stated herein, the BIC® lighter at issue has been sold to *far*

---

[1] BIC vehemently disagrees with, and will contest, the substance and basis of Plaintiff's allegations concerning, *inter alia*: (1) the propriety and scope of any purported class; (2) the propriety of damages, restitution, injunctive relief and/or the disgorgement of any profits/revenues in this case; and (3) the amount or scope of damages, restitution and disgorgement warranted in this case, but the "amount in controversy" is based on the allegations of the complaint and the nature of the relief sought.

- 3 -
OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND          CASE NO. 3:07-cv-2367

*more than* 500,000 individuals in California, the amount in controversy requirement has been met on that basis alone.

The assertions by Plaintiff's counsel concerning the amount of damages Plaintiff intends to seek are, obviously, simply an attempt to circumvent this Court's prior order denying the remand motion in *Levine*. Conclusory assertions by Plaintiff's counsel as to the limit on the amount of damages it intends to seek are not, however, nearly enough to overcome the conclusive evidence rebutting same. What is relevant in determining the amount in controversy is the *facts* as alleged in the Complaint, which, as stated herein, are identical to those alleged in the *Levine* action.

### III. THE ALLEGATIONS IN THE COMPLAINT ESTABLISH THAT THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL THRESHOLD.

In support of her argument that the amount in controversy is less than the jurisdictional amount of $5,000,000, Plaintiff relies on the following statements:

> "The amount in controversy as to Plaintiff (individually) or any other individual Class Member does not exceed $10.00 and the amount in controversy as to all Class Members, inclusive of attorneys' fees and costs, and injunctive relief (to the extent it can be valued) does not exceed $4,999,000. Under no scenario, is the total amount of damages that Plaintiff seeks in this action in excess of $4,999,000."

*See* Complaint, ¶ 24.

However, Plaintiff fails to account in her calculation for the restitution, disgorgement, and other remedies expressly sought in her complaint. Moreover, the alleged $10.00 limit per class member easily amounts to a figure that exceeds the jurisdictional threshold if a class consisting of all purchasers of BIC® lighters in California were certified, as Plaintiff requests.

- 4 -
OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND          CASE NO. 3:07-cv-2367

### A. Plaintiff Seeks the Recovery of Restitutionary and Other Compensatory Measures in Her Complaint, But Fails to Include Them in Her "Amount in Controversy" Calculation.

It is apparent that Plaintiff attempted to intentionally plead around CAFA to remain in state court, but she *still* requests remedies that would, if granted, exceed the jurisdictional threshold. As stated above, the remedies that Plaintiff failed to include in her damages calculation include both general restitution and disgorgement of profits, which would certainly bring the amount pled in excess of the jurisdictional limit.

An award of damages measures the injury sustained by a plaintiff as a result of the defendant's acts, but an order requiring the disgorgement of profits, for example, does not measure the extent of injury to the plaintiff, but rather the extent of gain by the defendant. *Bank of the West v. Superior Court,* 2 Cal. 4th 1254 (1992). A disgorgement of profits does not equate with damages, and it must be separately included in the "amount in controversy" calculation.

Specifically, Plaintiff also seeks: (1) "restitution to compensate, and to restore all persons in interest, including all Class Members, with ill-gotten monies acquired… (*see* Complaint, 15:9-13) and (2) "for such other and further relief as this Court finds just, equitable and proper, including, but not limited to, the remedy of disgorgement. (*see* Complaint, 15:19-20 [emphasis added]). Plaintiff herself *admits* that the remedy of disgorgement sought by her is equitable in nature. *Id.* Therefore, she cannot now argue that her "damages" averment—legal in nature— takes into consideration this remedy.

Demonstrating that the amount in controversy exceeds a certain sum can be done by setting forth the facts in controversy by way of affidavit. *Luckett v. Delta Airlines, Inc.* (5th Cir. 1999) 171 F.3d 295, 298. The Complaint seeks restitution and/or disgorgement of all ill-gotten gains obtained by BIC. Complaint, 15:9-13, 19-20. Plaintiff alleges that every sale was procured through use of misleading

1 labels; i.e., every sale was ill-gotten. BIC disagrees, but that is what the Complaint
2 seeks. The attached declaration of Steve Milkey ("Milkey Decl."), Senior Director
3 of Sales for BIC, demonstrates that the amounts Plaintiff is asking the Court to
4 require BIC to disgorge or restore exceeds $5 million.[2] *See* Milkey Decl., ¶ 4. As
5 provided for in Mr. Milkey's declaration, both BIC's revenues and profits in
6 connection with the BIC® J-26 lighters far exceed the jurisdictional threshold. *Id;*
7 *See also* Exhibit A to Mr. Milkey's August 6, 2007 declaration, filed under seal in
8 the *Levine* action. As stated above, the four corners of the Complaint seeks the
9 return of all "ill-gotten gains," which purportedly include *all* gains because the
10 Complaint alleges every sale was procured through misleading statements. When
11 these amounts are added to the damages sought under the third claim (*see*
12 Complaint, 14:26-27), the claimed recovery far exceeds the threshold amount.

       Plaintiff also alleges that "Defendant continues to engage in illegal conduct," (Complaint, ¶ 44) and that consumers are being victimized "each and every day," (Complaint, ¶ 15). These allegations weigh in favor of removal (*see, e.g., Hardy v. Corina,* 2000 U.S. Dist. LEXIS 7940 at *3 (holding that the number of claims, the nature of those claims, and the allegations that plaintiff continued to suffer damages into the future all weighed in favor of removal)) in that both alleged damages and ill-gotten gains continue to grow.

       Further, Plaintiff alleges that the amount in controversy as to any particular class member does not exceed $10.00. Complaint, ¶ 24. Because Plaintiff claims the putative class consists of all purchasers of BIC lighters in California, and such a class, if certified, would include *far more than* 500,000 members (*see* Milkey

---

[2] The figures identified by Mr. Milkey relate to Plaintiff's equitable claims for restitution and/or disgorgement of profits and therefore, the amount is *in addition to* the Plaintiff's claims for legal damages of $4,999,000.

- 6 -
OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND    CASE NO. 3:07-cv-2367

1  Decl., ¶ 4), the amount in controversy exceeds $5 million.³ On this basis alone, the
2  jurisdictional threshold has been exceeded and this Court has proper jurisdiction.

### B. The Value of Injunctive Relief Alone Establishes, to a Legal Certainty, That the Jurisdictional Threshold Has Been Met.

The value of injunctive relief is properly measured by the potential damage to the defendant. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398 (9th Cir. 1996) *citing Ridder Bros., Inc. v. Blethen,* 142 F.2d 395 (9th Cir. 1944).⁴ Thus, the amount in controversy requirement may be satisfied under Plaintiff's first claim alone, because the cost to BIC of complying with the injunctive relief sought would exceed $5 million. Milkey Decl., ¶ 5.

*Ridder v. Blethen,* 142 F.2d 395 (9th Cir. 1944), holds that the jurisdictional requirement is satisfied if either party can gain or lose the jurisdictional amount. *See Ridder,* 142 F.2d at 399 (holding that for purposes of calculating amount in controversy, "[t]he value of the thing sought to be accomplished by the action may relate to either or any party to the action") (citation, internal quotation marks omitted); *see also Government Employees Ins. Co. v. Lally,* 327 F.2d 568, 569 (4th Cir. 1964) (citing *Ridder* in support of proposition that "the amount in controversy is the pecuniary result to either party which that judgment would produce").

*Ridder* thus rejected the "plaintiff-viewpoint" rule, which states that courts attempting to determine the value of a claim for purposes of the amount in controversy requirement should look only to the benefit to the plaintiff, rather than to the potential loss to the defendant. In suits involving equitable relief, the dollar value of the object in controversy may be minimal to the plaintiff, but costly to the

---

³ BIC denies this case is proper for class certification, and is simply pointing out that the Complaint purports to be filed on behalf of a putative class of *all purchasers of BIC lighters in California.*

⁴ The *Sanchez* court also refers to *Snow v. Ford Motor Co.,* 561 F.2d 787 (9th Cir. 1977) (declining to apply *Ridder* in class action suit seeking damages and injunctive relief), but, as later explained in *Berry v. American Express Pub., Corp.,* 381 F.Supp.2d 1118 (C.D. Cal. June 15, 2005) (Case No. CV 05-302AHS(ANx), the holding in *Snow* has been superseded by statute.

1  defendant. The court in *Ridder* stated that, in such cases, "if the value of the thing
2  to be accomplished (is) equal to the dollar minimum of the jurisdictional
3  requirement to anyone concerned in the action, then jurisdiction is satisfied." *Id.*,
4  142 F.2d at 398; *accord, Tatum v. Laird,* 144 U.S.App.D.C. 72, 76, 444 F.2d 947,
5  951 & n.6 (1971), *rev'd on other grounds,* 408 U.S. 1, 92 S.Ct. 231, 33 L.Ed.ed
6  154 (1972); *Hatridge v. Aetna Cas. & Surety Co.,* 415 F.2d 809, 814-15 (8th Cir.
7  1969); *Berman v. Narrangansett Racing Ass'n,* 414 F.2d 311, 314 (1st Cir. 1969),
8  *cert. denied,* 396 U.S. 1037, 90 S.Ct. 682 (1970); *Government Employees Ins. Co.*
9  *v. Lally,* 327 F.2d 568, 569 (4th Cir. 1964); *Ronzio v. Denver & R.G.W.R.R.,* 116
10 F.2d 604, 606 (10th Cir. 1940); *Family Motor Inn, Inc. v. L-K Enterprises Consol.*
11 *Foods Corp.,* 369 F.Supp. 766, 768-69 (E.D. Ky.1973) (looking to defendant's
12 viewpoint only upon removal).
13         As stated in footnote 1, above, prior to the CAFA, the Ninth Circuit held
14 that, where an individual plaintiff seeks injunctive relief, the amount in controversy
15 may be determined from the perspective of either the value to the plaintiff or the
16 value to defendant. *See In re Ford Motor Co./Citibank (So.Dakota) N.A.,* 264 F.3d
17 952, 958 (9th Cir. 2001). However, because of the non-aggregation rules formerly
18 applicable to all claims, including class actions, the Ninth Circuit did not permit
19 the value of injunctive relief sought in a class action to be determined by
20 examination of its potential aggregate cost to the defendant. *See, e.g., Snow v.*
21 *Ford Motor Co.,* 561 F.2d 787, 789 (9th Cir. 1977). Now, however, section
22 1332(d)(6) allows the aggregation of class members' claims without limitation.
23 *Berry,* 381 F.Supp.2d at 1118 ("Given the explicit statutory change allowing
24 aggregation of claims in class actions, it appears as though the justifications
25 previously advanced for considering only the value to individual plaintiffs in a
26 class action are no longer relevant. Since plaintiffs can now aggregate their claims
27 to invoke diversity jurisdiction, finding the amount of controversy from the
28 aggregate cost does not circumvent any non-aggregation principles and is

- 8 -
OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND        CASE NO. 3:07-cv-2367

consistent with the principle that only cases that could have been originally brought in federal court may be removed. Accordingly, the amount in controversy may be satisfied either from the view of the aggregate value to the class members or defendants.")

      Here, the potential loss to BIC, if the requested injunction were granted, far exceeds the threshold jurisdictional amount if Plaintiff's allegations are true (which BIC denies). First, the cost of compliance with the requested injunction would be expensive. Milkey Decl., ¶ 5. Second, Plaintiff claims an injunction is necessary because a significant percentage of consumers who purchase BIC's lighters are being misled by the designation and would not purchase BIC's lighters if the designation were not on the BIC lighter or packaging. In fact, Plaintiff alleges she relied on this designation, her claim is typical of all of the purported class members who purchased BIC lighters, and that all of the purported class members are similarly situated to her. *See, e.g.,* Complaint, ¶¶ 18, 20. If this allegation were correct (which BIC denies), Plaintiff herself alleges that BIC would lose profits in excess of $5,000,000 if the injunction plaintiff seeks were issued: *See, e.g.,* Plaintiff's own allegations that "The ['Made in USA'] designation is 'a material factor in many individuals' purchasing decisions, as they believe they are supporting American companies and American jobs.'" (Complaint, ¶ 14) and "Some consumers believe that 'Made in USA' products are higher quality than their foreign-manufactured counterparts." (*Id.,* ¶ 15.)) If, as Plaintiff alleges, consumers purchase the lighters because they have the "Made in USA" label, and BIC is prohibited from using the label and therefore is unable to sell lighters, the cost of the injunction to BIC would be extraordinary. *See, e.g.,* Milkey Decl., ¶¶ 4, 5.

OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND    CASE NO. 3:07-cv-2367

### C. Plaintiff's Rhetoric Regarding the Purported Measure of Damages is Inapposite.

Plaintiff has presented no evidence to rebut BIC's assertion that the Complaint, on its face, seeks more than the jurisdictional amount of $5 million (including, collectively, the $4,999,000 damages prayer, the restitution and disgorgement remedies sought, and the value of injunctive relief). Instead, she argues (essentially repeating Mr. Levine's previously rejected argument) that the amount of BIC's gross revenues is not theoretically the proper award under a restitution theory.

Once again, Plaintiff ignores the distinction between legal and equitable remedies. Plaintiff inappropriately interchanges her claimed "damages" with BIC's evidence regarding gross profits, or even a percentage thereof. After providing this Court at pages 7 and 8 of her motion with assertions regarding the "correct" calculation of restitution (equitable relief), Plaintiff again concludes with a statement as to her claimed damages (legal relief). Because the requested disgorgement of BIC's gross profits is equitable in nature, it must be accounted for apart from Plaintiff's claim for legal damages when determining the "amount in controversy" in this case.

## IV. CONCLUSION

For the foregoing reasons, BIC respectfully submits that this Court, pursuant to CAFA, has proper subject matter jurisdiction over this action. Plaintiff does not contest that there are at least 100 potential class members and that there exists at least minimal diversity. As to the amount in controversy, BIC respectfully submits that it has met its burden of proof on the issue by citing the allegations in the Complaint that demonstrate that Plaintiff is seeking remedies that would, if the Court granted the relief she seeks, exceed $5 million.

1  Thus, BIC respectfully requests that this Court deny Plaintiff's motion to
2  remand for lack of subject matter jurisdiction.

3                                    Respectfully submitted,

4  Dated: February 14, 2008          GORDON & REES LLP

6                                    By: /s/ Craig J. Mariam
                                         Craig J. Mariam
7                                        Richard Spirra
                                         Kevin W. Alexander
8                                        Manuel S. Saldana
                                     Attorneys for Defendant BIC USA, INC.

BICC/1048462/5325101v.1

- 11 -
OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND          CASE NO. 3:07-cv-2367