KEVIN ALEXANDER (SBN 175204)
RICHARD SPIRRA (SBN 106361)
CRAIG J. MARIAM (SBN 225280)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

MANUEL SALDANA (SBN 137060)
GORDON & REES LLP
633 W. 5th Street, Ste. 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
**BIC USA, INC.**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA R. NELSON, an individual and on behalf of the general public,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BIC USA, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO.: 3:07-cv-2367<br><br>Honorable Larry A. Burns<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF KEVIN T. LEVINE IN SUPPORT OF BIC USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Date:　　　March 3, 2008<br>Time:　　　10:30 a.m.<br>Courtroom: 9 / 2nd Floor<br><br>[ORAL ARGUMENT REQUESTED] |

　　　Defendant BIC USA, INC. ("BIC") respectfully submits these evidentiary objections to the declaration of Kevine T. Levine ("Declarant") in support of

- 1 -
EVIDENTIARY OBJECTIONS RE PLAINTIFF'S MOTION FOR REMAND
CASE NO. 3:07-cv-2367

1  Plaintiff's Donna R. Nelson's motion to remand for lack of subject matter
2  jurisdiction:
3
4  <u>Paragraph 2</u>: "I declare that I directed my attorneys (the law firm of Del
5  Mar Law Group, LLP) to dismiss the LEVINE CASE because I became
6  uncomfortable with serving as the class representative."
7  Objection on the basis that the Declarant's assertion lacks foundation.
8  Declarant has irrevocably waived the attorney-client privilege. California law
9  provides that a communication protected by the attorney-client privilege is waived
10 if the holder of the privilege, without coercion, discloses a significant portion of
11 the communication to a non-essential party, or has consented to the disclosure.
12 Cal. Evid. Code §912(a); *See also Sony Computer Entertainment America, Inc. v.*
13 *Great American Ins. Co., et al.,* 229 F.R.D. 632 (N.D.Cal. 2005).
14 BIC is now entitled to discover, for example, any and all reasons why the
15 Declarant purportedly "became uncomfortable."
16
17 <u>Paragraph 4:</u> "…I developed a friendship with Gordon & Rees, LLP
18 attorneys that included traveling to Hawaii with a Gordon & Rees, LLP attorney
19 [who is] currently a partner at the firm… ."
20 Objection on the basis that Declarant's assertion is vague and lacks
21 foundation. Further objection on the basis that the assertion is irrelevant,
22 particularly if it is offered to establish the truth of the matter asserted.
23
24 <u>Paragraph 8:</u> "I understand that it would have been permissible to substitute
25 a class representative for myself in the LEVINE CASE; however, I am
26 uncomfortable with having my name listed on the pleading caption in perpetuity,
27 including potential appeals that could last several years."
28

1  Objection on the basis that Declarant's assertion lacks foundation. He has
2  not described the basis for his "understanding." Given the waiver of the attorney-
3  client privilege as described above, BIC is entitled to discovery on this issue if it
4  becomes relevant.

6  Paragraph 9: "At all relevant times, I was informed and believe and
7  continue to believe that the BIC disposable lighter do[sic] not qualify for the
8  "Made in the USA" labeling."
9  Objection on the basis that Declarant's assertion lacks foundation in that it is
10 made on undisclosed "information and belief." Further, Declarant provides no
11 basis for his statement that the BIC disposable lighter does not qualify for "Made
12 in the USA" labeling.

14 Paragraph 9: "My prosecution of the LEVINE CASE was at all times with
15 good faith and with the understanding that I would eventually force BIC to change
16 their[sic] unlawful advertising practices."
17 Objection on the basis that Declarant's assertion lacks foundation to the
18 extent it is offered for the truth of the purported "unlawful advertising practices."
19 Declarant provides no basis for his statement that the BIC disposable lighter does
20 not qualify for "Made in the USA" labeling. To the extent this assertion is offered
21 for any other reason, it is irrelevant.

23 Paragraph 9: "I am still informed that the component parts that constitute
24 the entirety of the Maxi BIC disposable lighter is made from foreign-sourced
25 components. Therefore, the BIC disposable lighter does not qualify for "Made in
26 the USA" labeling pursuant to my understanding of California law."
27 Objection on the basis that Declarant's assertions lacks foundation, amount
28 to hearsay, and are irrelevant. Declarant is not an expert in California law, and he

1 | has not provided any other basis for his purported "understanding" of California
2 | law.  Further, Declarant has not provided the basis of his "information" that the
3 | lighter is made from foreign-sourced components.  To the extent these statements
4 | are offered for the truth of the matters asserted, they lack foundation and constitute
5 | hearsay.  If these statements are offered for any other evidentiary reason, they are
6 | irrelevant.

|   |   | Respectfully submitted, |
|---|---|---|
| 9 | DATED:  February 4, 2008 | GORDON & REES LLP |

/s/ Craig J. Mariam
Attorneys for Defendant BIC USA, INC.