1  JOHN H. DONBOLI (SBN: 205218)
   jdonboli@delmarlawgroup.com
2  JL SEAN SLATTERY (SBN: 210965)
   sslattery@delmarlawgroup.com
3  DEL MAR LAW GROUP, LLP
   322 8th Street, Suite 101
4  Del Mar, CA  92014
   Telephone: (858) 793-6244
5  Facsimile: (858) 793-6005

6  Attorneys for Plaintiff:  DONNA R. NELSON, an individual and on behalf
   of all others similarly situated
7

8                      UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA R. NELSON, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIC USA, Inc., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO: 3:07-cv-02367-LAB-RBB<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S <u>EVIDENTIARY OBJECTIONS</u> TO DECLARATION OF STEVE MILKEY IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMANDE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Date:           March 3, 2008<br>Time:           10:30 a.m.<br>District Judge: Judge Larry Alan Burns<br>Room/Floor:     Room 9 / 2nd Floor<br><br>**[ORAL ARGUMENT REQUESTED]** |

Plaintiff DONNA R. NELSON ("Plaintiff") objects to the following proffered evidence presented by defendant BIC USA, INC. ("Defendant") in support of its Opposition to Plaintiff's Motion To Remand For Lack of Subject Matter Jurisdiction.

**EVIDENTIARY OBJECTIONS TO THE DECLARATION OF STEVE MILKEY**

1. <u>Paragraph 4, page 12, lines 19-21</u> ("*As the Senior Director of Sales, I have access to BIC's sales data for the periods November 14, 2003 through the present.  I have reviewed this data in preparation for verifying this declaration.*")

-1-
**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF STEVE MILKEY**
3:07-cv-02367-LAB-RBB

1    Objection. Plaintiff objects to this portion of the Declaration of Steve Milkey ("Milkey
2  Declaration") based on the declarant's lack of knowledge and the improper summarization of
3  information. This statement also lacks foundation and violates the best evidence rule. Fed. R.
4  Evid. 901, 1002, 1006; *Paddack v. Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984) ["The
5  proponent of a summary must establish a foundation that (1) the underlying materials upon
6  which the summary is based are admissible in evidence; and (2) the underlying documents were
7  made available to the opposing party for inspection."]. Additionally, the summary must "fairly
8  represent" the underlying documents. *Davis & Cox v. Summa Corporation*, 751 F.2d 1507, 1516
9  (9th Cir. 1985) (superseded by statute on other grounds as stated in *Northrop Corp. v. Traid*
10 *Intern. Marketing S.A.*, 842 F.2d 1154 (9th Cir. 1988)).

11   In this case, Defendant has not established the necessary foundation that the underlying
12 documents are admissible into evidence and has not made the underlying documents available to
13 Plaintiff for inspection. As such, Plaintiff objects because this statement is not "relevant
14 evidence" and inadmissible. Fed. R. Evid. 401, 402.

15   2.   Paragraph 4, page 12, lines 21-28-page 13, lines 1-4 ("*During the four-year
16 period preceding the filing of this action, from November 14, 2003 through November 13, 2007,
17 BIC sold more than 50 million J-26 "Made in the USA" (i.e., "Maxi") lighters in the State of
18 California. Based on my extensive sales experience selling BIC® lighters and based on sales,
19 marketing, shipping and other related data, BIC's J-26 "Made in the USA" lighters were
20 ultimately sold to far more than 500,000 individuals who, based on my review of the Complaint,
21 would fall within the purported class. Further, during this period from November 14, 2003
22 through November 13, 2007, BIC received in excess of $5 million dollars in revenues from the
23 sale of BIC J-26 :Made in the USA" (Maxi) lighters in the State of California. BIC's profit from
24 the sale of the "Made in the USA" Maxi lighters are also in excess of $5 million dollars.*").

25   Plaintiff objects to this portion of the Milkey Declaration based on the declarant's
26 misapplication of the relevant legal standard to summarily conclude the overall number of
27 lighters sold to California consumers is dispositive. Furthermore, Defendant is invoking mere
28 conjecture and speculation as to the number of California consumers who purchased Defendant's

1  disposable lighters.  The Milkey Declaration is completely devoid of *admissible* evidence in this
2  regard.

3       Plaintiff also objects to the Milkey Declaration because it is irrelevant.  Relevant
4  evidence is that which has a tendency to make the "existence of any fact that is of consequence
5  to the determination of the action more probable or less probable than it would be without the
6  evidence."  Fed. R. Evid. 401.

7       In cases such as this, in which a plaintiff pleads an amount in controversy of less than
8  $5,000,000, the court "need not look beyond the four corners of the complaint to determine
9  whether the CAFA jurisdictional amount is met."  *Lowdermilk*, 479 F.3d at 998.  It is facially
10 apparent in reviewing the Complaint that the amount in controversy does <u>not</u> exceed $5,000,000.
11 As such, there is no need for any additional factual inquiries by way of supplemental declarations
12 in this matter.

13      Also, the measure of damages in this case, as set forth in the seminal case of *Colgan v.*
14 *Leatherman Tool Group, Inc.*, 135 Cal.App.4th 663 (2nd Dist. 2006), is not measured by the total
15 of Defendant's overall revenues or gross sales (as articulated by Defendant in the Opposition).
16 *Id*. at 700 [Although the *Leatherman* case was remanded on appeal based on the absence of
17 evidence to support the amount of restitution awarded, the trial court rejected as "'inequitable' a
18 percentage of Leatherman's gross profits as an appropriate measure of either the unlawful benefit
19 to Leatherman or the amount necessary to restore consumers to the position in which they would
20 have been but for the unlawful conduct."].

21      3.    <u>Paragraph 5, lines 13-26</u> ("*The cost of compliance to BIC with respect to*
22 *Plaintiff's requested injunction would be extraordinary and practically speaking, impossible.*
23 *Both BIC's internal requirements and external requirements, including applicable Customs*
24 *Regulations, necessitate BIC's identifying the BIC® J-26 lighter's country of origin as 'Made in*
25 *the USA.'  BIC does not sell directly to the consumer, but rather to retailers and distributors.*
26 *BIC cannot successfully prevent retailers and distributors outside of California from selling to*
27 *consumers inside California.  To the extent BIC might be able to control its design,*
28 *manufacturing, marketing and sales processes to prevent it from selling its "Made in the USA"*

1 | *lighters directly to retailers and distributors who are free to sell product in California. Further,*
2 | *should such changes in BIC's processes be feasible, and, practically, I do not know how they*
3 | *would be, such changes would be excessively expensive and burdensome to implement, and*
4 | *ineffective for the reasons stated herein.*").

5 | <u>Objection</u>. Plaintiff objects to this portion of the Milkey Declaration based on the declarant's misapplication of the relevant legal standard to summarily conclude the purported costs of compliance to Defendant. First, Mr. Milkey's statements in this regard are speculative and conclusory. Second, the Ninth Circuit Court of Appeals held in *In re Ford Motor Co./Citibank (South Dakota), N.A.* ("*In Re Ford*"), 264 F.3d 952, 958 (9th Cir. 2001) that "[w]e have specifically declined to extend the 'either viewpoint rule' to class action suits… regardless of whether the requested class has been certified." *Id.* Mr. Milkey attempts to present inadmissible evidence in support of an analysis that is unsupported by relevant Ninth Circuit authority.

Plaintiff also objects to the Milkey Declaration because it is irrelevant. Relevant evidence is that which has a tendency to make the "existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

## **CONCLUSION**

Plaintiff respectfully requests that the Court sustain the above objections and strike the evidence referenced above at the hearing on Plaintiff's Motion to Remand.

Dated: February 25, 2008                     Respectfully submitted,

DEL MAR LAW GROUP, LLP


by s/John H. Donboli
   JOHN H. DONBOLI
   E-mail: jdonboli@delmarlawgroup.com
   JL SEAN SLATTERY
   E-mail: sslattery@delmarlawgroup.com
   Attorneys for Plaintiff DONNA R. NELSON, an individual and on behalf of all others similarly situated

-4-
**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF STEVE MILKEY**
3:07-CV-02367-LAB-RBB