# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA R. NELSON, an individual and on behalf of the general public,<br><br>    Plaintiff,<br><br>  vs.<br><br>BIC USA, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO. 07cv2367-LAB (RBB)<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[Dkt No. 14, 15] |

This putative class action is before the court on Plaintiff's Motion To Remand For Lack Of Subject Matter Jurisdiction ("Motion"). Plaintiff contends defendant BIC USA, Inc. ("BIC") improperly removed the case from state court because the amount in controversy does not exceed the jurisdictional threshold of $5,000,000.00 exclusive of interest and costs under the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §§ 1332(d) and 1453(b), depriving this court of subject matter jurisdiction. The court finds the issues presented appropriate for decision on the papers and without oral argument, pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Motion is **DENIED**.

I.  **BACKGROUND**

Plaintiff alleges three causes of action under California consumer protection, false advertising, and unfair competition statutes associated with BIC's sale of its J-26 Maxi disposable lighters Plaintiff alleges falsely claim to be "Made in the USA." As pertinent here,

the Complaint expressly alleges no putative class member individually claims more than $10.00 in damages, the amount in controversy as to all putative class members, "inclusive of attorneys' fees and costs, and injunctive relief (to the extent it can be valued) does not exceed $4,999,000," under "no scenario, is the total amount of damages that Plaintiff seeks in this action in excess of $4,999,000" and, accordingly, "no federal court has 'original jurisdiction' over this claim pursuant" to CAFA.[1]  Compl. ¶ 24.  Plaintiff contends on that basis BIC has not and cannot meet its burden to establish federal jurisdiction, and this court must remand the case to Superior Court.  *See* Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676 (9th Cir. 2006) (holding CAFA did not shift the burden to establish there is no removal jurisdiction to the party contesting removal, but rather the burden remains on the party seeking removal).[2]

BIC opposes remand on grounds plaintiff's statements of the amount of damages fail to include any calculation of the value of the other remedies plaintiff seeks, in addition to damages, such as restitution and disgorgement.  Moreover, BIC contends even were the court to look only at the alleged $10.00 maximum per putative class member's damages, the jurisdictional threshold is satisfied.  The Complaint defines the putative class as all purchasers of BIC J-26 Maxi "Made in the USA" lighters in California during the class period. Compl. ¶¶ 1, 20.  BIC supports its argument with the Declaration of its Senior Director of Sales, Steve Milkey, who avers BIC's sales data for the period November 14, 2003 through November 13, 2007 (the filing date of this action) shows "BIC sold more than 50 million J-26 'Made in the USA' (i.e., 'Maxi') lighters in the State of California."  Milkey Decl. ¶ 4.  In

---

[1] The pleading of an express damages total distinguishes the pleading of the same claims and theories of recovery in a prior case removed to this court with a different putative class representative. *See* Levine v. BIC 07cv1096-LAB(RBB). After this court denied plaintiff's Motion To Remand the Levine case. in plaintiff voluntarily dismissed that action. This action essentially reprises the same claims and factual predicates as that case, but repleads the damages allegations and alters the standard of review.

[2] The Abrego Abrego court grappled with the category of cases the CAFA had newly identified as "mass actions," distinct from the more traditional "class action," particularly with respect to the requirement that in a "mass action," not only must the aggregate amount in controversy be $5 million dollars, but also each plaintiff must satisfy the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332(a).  28 U.S.C. § 1332(d)(11)(B)(i).  The latter requirement is not imposed on CAFA class action plaintiffs.

particular, based on his "extensive sales experience selling BIC® lighters and based on sales, marketing, shipping and other related data, BIC's J-26 'Made in the USA' lighters were ultimately sold to far more than 500,000 individuals who, based on my review of the Complaint, would fall within the purported class." Id. On that basis alone, BIC contends the CAFA jurisdictional threshold is satisfied. Opp. 4:11-27.

As pertinent to Plaintiff's equitable remedies allegations, such as disgorgement of allegedly ill-gotten gains, Mr. Milkey further declares "from November 14, 2003 through November 13, 2007, BIC received in excess of $5 million dollars in revenues from the sale of BIC J-26 'Made in the USA' Maxi lighters in the State of California," and "BIC's profits from [those sales] are also in excess of $5 million dollars."[3] Id.

## II.  DISCUSSION

### A.  Legal Standards

Federal courts are courts of limited jurisdiction. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007). When a plaintiff files an action in state court, there is a presumption against removal.[4] See Gaus v. Miles, 980 F.2d 564, 567 (9th Cir. 1992) (substantiating a defendant seeking removal and to avoid remand must identify specific factual allegations or provisions in the Complaint that might support its assertion the amount in controversy exceeds the jurisdictional minimum amount); see also Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 375 (9th Cir.1997) (addressing comparable legal standards applicable to dismissal for want of jurisdiction in cases brought in federal court, *i.e.,* "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional

---

[3] Mr. Milkey also declares the cost of compliance should plaintiff prevail on her request for an injunction would be not only "extraordinary" but "practically speaking, impossible" because of, *inter alia*, Customs Regulations requiring that BIC identify the J-26 lighter's country of origin as "Made in the USA," and BIC's inability to prevent retailers and distributors of its products outside California from selling to consumers inside California. Milkey Decl. ¶ 5.

[4] "[I]n cases brought in the federal court . . . [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal. . . . A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end." Gaus, 980 F.2d at 566, *quoting* St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).

amount to justify dismissal"). A plaintiff desiring to avoid removal jurisdiction can allege facts specific to the claims in the pleading which would narrow the scope of the putative class or the damages sought. All doubts and ambiguities are resolved against removal and in favor of remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941).

The proponent has the burden of establishing removal jurisdiction. Lowdermilk, 479 F.3d at 997; *see* Abrego Abrego, 443 F.3d at 682-83 (the removing defendant has "'always' borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement")*, quoting* Gaus, 980 F.2d at 566 ("Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement")*; see also* Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021 (9th Cir. 2007). The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading. Lowdermilk, 479 F.3d at 994. In deciding the issue, the court treats claims for statutory damages by considering only those damages actually recoverable under the facts alleged. *See* Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404-05 (9th Cir. 1996) (defendant failed to carry its burden to show the amount in controversy exceeded the jurisdictional threshold, despite plaintiff's suit for treble punitive damages under Cal. Civ. Code § 3345, because that code section did not allow for trebling of contract damages).

The Lowdermilk court reviewed the three pleading "scenarios" discussed in Abrego Abrego affecting the amount in controversy determination and standards of review. Lowdermilk, 479 F.3d at 998. In the first scenario, when plaintiff **fails to plead a specific amount of damages**, the defendant "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Abrego Abrego, 443 F.3d at 683, *citing* Gaus, 980 F.2d at 566; Lowdermilk, 479 F.3d at 998 (when the plaintiff does not specify an amount of damages in a class action lawsuit, for removal purposes "Defendant must prove by a preponderance of the evidence that the damages claimed exceed $5,000,000"). Under the preponderance of evidence standard, a defendant need only make a factual showing it is more likely than not the amount in controversy exceeds $5 million dollars. Singer, 116 F.3d at 376; Sanchez, 102 F.3d at 404. In the second scenario, if the

complaint **alleges damages *in excess of* the federal amount-in-controversy requirement**, the amount-in-controversy requirement is presumptively satisfied unless "it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional minimum." Abrego Abrego. 443 F.3d at 683 n.8, *citing* Sanchez, 102 F.3d at 402.

The Abrego Abrego court did not decide the standard to apply in the third scenario, when the **complaint alleges damages *less than* the jurisdictional amount**. Lowdermilk resolved the question: "when the plaintiff has pled damages *less* than the jurisdictional amount, what must the defendant prove in order to remove the case to federal court?" Id. at 996. As a threshold matter, the Lowdermilk court first had to decide whether the manner of pleading -- referencing a specific dollar amount just below the jurisdictional limit -- qualified as an averment of a "specific amount in damages," and concluded it did, contrary to defendant's contention that because the pleading "failed to specify [plaintiff's] damages, Defendant must prove only by a preponderance of the evidence that the damages claimed exceed $5,000,000." Lowdermilk, 479 F.3d at 998.

> Our starting point is "whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego Abrego*, 443 F.3d at 690 . . . . We have reserved the preponderance of evidence standard for situations where a plaintiff "seeks no specific amount in damages," Abrego Abrego, 443 F.3d at 688 (footnote omitted), and a court is forced to look beyond the complaint to determine whether the suit meets the jurisdictional requirements.[5]  Here, we need not look beyond the four corners of the complaint to determine whether the CAFA jurisdictional amount is met, as **Plaintiff avers damages ("less than five million dollars**") that do not reach the threshold for federal jurisdiction. **We hold that Plaintiff did plead a "specific amount in damages," and therefore, the preponderance of the evidence standard does not apply**.

Lowdermilk, 479 F.3d at 998 (emphasis added); *see* Singer, 116 F3d at 377 ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy").

---

⁵ "In *Abrego Abrego*, for example, the complaint asked only for 'pre-and-post-judgment interest, attorney's fees and costs, and relief in the form of special, general, punitive and exemplary damages due and awardable pursuant to the actions of Defendants.' 443 F.3d at 688 (internal quotation marks omitted). Because damages were not quantified, we looked beyond the complaint to 'consider facts in the removal petition.' *Id.* at 690 (quoting *Singer[ v. State Farm Mut. Auto. Ins. Co.*] 116 F.3d [373] at 377 [9th Cir. 1997]." Lowdermilk, 479 F.3d at 998 n. 4.

Plaintiff here has pled "a specific amount in damages" within the four corners of the complaint by averring "the amount of damages does not exceed $4,999,000," expressly specifying the class damages to be $1,000.00 less than the CAFA jurisdictional threshold. However, Plaintiff also avers that "the 'amount in controversy' does not exceed $10.00 as to any particular class member." Compl. ¶ 24. The court accordingly finds the standards of the Abrego Abrego/Lowdermilk "third scenario" govern the amount in controversy determination for purposes of deciding this Motion, rather than a preponderance of evidence standard, but also that BIC is entitled to attempt the requisite showing to carry its evidentiary burden the *actual* amount the Complaint allegations place in controversy exceeds the jurisdictional threshold required to satisfy that CAFA element.

### B.  CAFA Removal Jurisdictional Exists

Informed by the principle that federal courts are courts of limited jurisdiction, so strictly construe their own jurisdiction, and by the well-established principle the plaintiff is "master of her complaint" and can plead to avoid federal jurisdiction, the Lowdermilk court held "a defendant will be able to remove the case to federal court **by showing** to a legal certainty that the amount in controversy exceeds the statutory minimum" in situations where a plaintiff has expressly pled a damages amount *under* the jurisdictional minimum.[6] Lowdermilk, 479 F.3d at 998-99 (bolding added). Plaintiff argues she should be "master of her own complaint," permitted to intentionally avoid federal jurisdiction by electing to limit the amount of damages sought to a figure below the CAFA threshold. Nevertheless, applying the "legal certainty" standard to the amount in controversy issue presented here, the court finds BIC carries its burden to demonstrate this court can exercise removal jurisdiction.

---

[6] "By adopting 'legal certainty' as the standard of proof, we guard the presumption against federal jurisdiction and preserve the plaintiff's prerogative, subject to the good faith requirement, to forgo a potentially larger recovery to remain in state court," and such a standard "also maintains symmetry in our rules requiring legal certainty as the standard of proof" in that "we already require that a defendant seeking remand for a case initially filed in federal court must show with 'legal certainty' that the claim is actually for less than the jurisdictional minimum." Lowdermilk, 479 F.3d at 998-99 *citing* Sanchez, 102 F.3d at 401-02. Thus, when the damages sought by plaintiff appear from the four corners of the complaint to be less than the jurisdictional amount, the defendant seeking removal "must not only **contradict** the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction" **by showing** plaintiff is legally certain to recover at least five million dollars, assuming proof of liability. Lowdermilk, 479 F.3d at 999.

First, the court overrules Plaintiff's objections to the Declaration of Steve Milkey, BIC's Senior Director of Sales, offered in support of BIC's position this court has original subject matter jurisdiction over the controversy. Dkt No. 21-2. Plaintiff argues the court should disregard the "conclusory declaration from Mr. Steve Milkey" as "irrelevant, lacking foundation, and violative of the best evidence rule to the extent Mr. Milkey's declaration is based on his review of business records." Reply 6:24-27. Plaintiff relies on the Lowdermilk statement a court "**need not** look beyond the four corners of the complaint to determine whether the CAFA jurisdictional amount is met." Reply 6:22-23, *quoting* Lowdermilk, 479 F.3d at 998 (emphasis added). However, the Lowdermilk court was simply determining what standard would apply in the circumstance when the plaintiff pleads "a specific amount in controversy" of "less than five million dollars." This court does not construe that language as operating to preclude the court from looking beyond the four corners of the complaint for purposes of deciding jurisdiction.

The court looks beyond the four corners of the Complaint for purposes of satisfying itself a proper foundation exists for the exercise of removal jurisdiction. The question requires the defendant to carry a burden of proof to overcome the pleading of an amount in controversy stated in the Complaint to be under the jurisdictional threshold. The court overrules Plaintiff's objections to the Milkey Declaration, finding he is competent to substantiate the quantity of lighter sales and the likely number of purchasing consumers within the class period for purposes of deciding the issue, based on his experience, position within the company, and the review he declares he undertook of relevant sales, marketing, and other BIC data.

Mr. Milkey's testimony provides an adequate evidentiary basis to support BIC's representation the "amount of damages" in controversy, standing alone, satisfies the jurisdictional threshold. Although the Complaint expressly attempts to avoid CAFA removal jurisdiction through the manner of its pleading of damages, the putative class definition and the $10.00 maximum per putative class member alleged in the Complaint, multiplied by Mr. Milkey's determination "far more than 500,000 individuals . . . would fall within the purported

class" of purchasers of the J-26 "Made in the USA" Maxi lighters within the class period, based on "sales, marketing, shipping, and other related data," demonstrate to a legal certainty the CAFA amount in controversy threshold is satisfied, in reliance on that calculation alone and without reaching the value of Plaintiff's additional equitable claims for restitution, disgorgement of profits, injunctive, and other relief.

Even were Plaintiff's representation "under no scenario, is the total amount of damages that Plaintiff seeks in this action in excess of $4,999,000" (Compl. ¶ 24) accurate, the "amount in controversy" measure is not co-extensive with the "amount of damages" sought. The jurisdictional requirement is satisfied if either party can gain or lose the jurisdictional amount. *See* Ridder v. Blethen, 142 F.2d 395, 399 (9th Cir. 1944). Assuming without deciding Plaintiff is correct that the rationale of In re Ford Motor Co./Citibank, 264 F.3d 952 (9th Cir. 2001) applies here, *i.e.* the "nature of the right asserted" rather than defendant's costs to comply with requested injunctive relief forecloses inclusion of associated administrative costs as part of the amount-in-controversy demonstration, the court deems the actual damages alleged per class member to be sufficient to support CAFA removal jurisdiction.[7] In addition, the court is not persuaded by Plaintiff's challenges to BIC's revenues and profits showing, since the Complaint allegation of total damages "not to exceed" $4,999,000.00 is just $1,000 shy of the jurisdictional threshold. The value of the

---

[7] The In re Ford court held the projected administrative costs of complying with a claim for injunctive relief that accompanies other claims for monetary relief should not provide the basis upon which diversity jurisdiction removal is allowed for purposes of establishing the amount in controversy. In re Ford, 264 F.3d at 958-60; *see also* Kanter v. Warner-Lambert Co., 265 F.3d 853 (9th Cir. 2001) (holding it would be inappropriate to include the cost of plaintiffs' proposed injunctive relief, which would prohibit the defendant from advertising and selling a defective product, in evaluating whether the plaintiffs' claims exceed the amount in controversy requirement). However, the Kanter court, in focusing on the "nature of the right asserted," concluded on its facts that while the proposed injunction was a component of the relief sought, monetary damages were plaintiffs' "essential goal" in that litigation. From the manner of pleading, the court finds the "essential goal" of the Plaintiff here appears to protect the integrity of the "Made in the USA" designation more than to recover monetary damages. From that perspective, the amount in controversy could permissibly be evaluated in consideration of the other costs BIC is at risk of incurring should Plaintiff prevail on her requests for equitable relief under disgorgement, injunctive, and other theories. Moreover, Plaintiff relies on Snow v. Ford Motor Co., 561 F.2d 787 (9th Cir. 1977) for the proposition a defendant who invokes federal jurisdiction under the removal provisions cannot aggregate to fulfill jurisdictional amount requirements because plaintiffs were not permitted to do so. BIC argues plaintiffs are permitted to aggregate to invoke federal jurisdiction under 18 U.S.C. § 1332(d), so removing defendants should have reciprocal aggregation rights for amount in controversy jurisdictional purposes.

1  restitution or disgorgement component of her claims is surely more than nothing per sale,
2  and the number of purchasers and J-26 Maxi lighter profits BIC substantiates for the class
3  period indisputably add more than $1,000 to the total amount in controversy. Plaintiff argues
4  "restitution" under the UCL claim is an equitable determination which she contends will
5  involve a measure of damages "substantially less than Defendant's 'overall revenues' or
6  'gross profits.'" Reply 6:14-15. Inasmuch as Mr. Milkey declares BIC's sales revenue, and
7  profit data establish either of those measures standing alone exceeds $5 million (Milkey
8  Decl. ¶ 4), any fraction of those revenues or profits, even if "substantially less" than the total
9  of either but obviously greater than nothing, combined with the compensatory damages pled
10 in the Complaint as up to $10.00 per class member, convinces this court that the amount this
11 action places in controversy exceeds the CAFA jurisdictional threshold.

## III.  CONCLUSION AND ORDER

For all the foregoing reasons, the court finds it may exercise subject matter jurisdiction over this, and removal was proper. Accordingly, **IT IS HEREBY ORDERED** the Motion To Remand is **DENIED**.

**IT IS SO ORDERED**.

DATED:  April 1, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge