1  JOHN DONBOLI (SBN: 205218)
   jdonboli@delmarlawgroup.com
2  JL SEAN SLATTERY (SBN: 210965)
   sslattery@delmarlawgroup.com
3  DEL MAR LAW GROUP, LLP
   322 8th Street, Suite 101
4  Del Mar, CA 92014
   Telephone: (858) 793-6244
5  Facsimile: (858) 793-6005

6  Attorneys for Plaintiff: DONNA R. NELSON, an individual and on behalf
   of all others similarly situated
7
   KEVIN W. ALEXANDER (SBN 175204)
8  RICHARD SPIRRA (SBN 106361)
   MANUEL S. SALDANA (SBN 137060)
9  GORDON & REES LLP
   101 W. Broadway, Suite 2000
10 San Diego, CA 92101
   Telephone: (619) 696-6700
11 Facsimile: (619) 696-7124

12 ATTORNEYS FOR DEFENDANT: BIC USA, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA R. NELSON, an individual and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>BIC USA, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 3:07-cv-2367<br><br>**CLASS ACTION**<br><br>**JOINT MOTION OF ALL PARTIES FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>District Judge:   Judge Larry Alan Burns<br>Room/Floor:     Room 9 / 2nd Floor<br><br>Magistrate Judge: Judge Ruben B. Brooks<br>Room/Floor:     Room B / 1st Floor |

IT IS HEREBY STIPULATED by all parties to this action, upon consent of the Court to this stipulation, that plaintiff may file the "First Amended Complaint" attached hereto as Exhibit "A," with the understanding that: (1) defendant BIC USA, INC is not stipulating or conceding that any of the amended claims state a valid claim for which relief may be granted, or that

plaintiff or any putative class member is entitled to any of the relief sought in the First Amended Complaint; and (2) BIC USA, Inc. is not waiving, and is reserving, its right to contest, challenge and assert defenses to the claims and prayer for relief set forth in the Amended Complaint.

IT IS FURTHER STIPULATED that plaintiff shall file the First Amended Complaint within one week of the date on which this Court signs the Order granting leave to file the First Amended Complaint, and that defendant BIC USA, Inc. will have 30 days from the date on which it receives service of the First Amended Complaint to file its responsive pleadings. Plaintiff shall not be required to file the First Amended Complaint on or before May 22, 2008.

Dated: May 14, 2008                    DEL MAR LAW GROUP, LLP

by s/John H. Donboli
JOHN H. DONBOLI
Email: jdonboli@delmarlawgroup.com
J L SEAN SLATTERY
Email: sslattery@delmarlawgroup.com
Attorneys for Plaintiff DONNA R. NELSON, an individual and on behalf of all others similarly situated

Dated: May 14, 2008                    GORDON & REES LLP

by: s/Richard R. Spirra
KEVIN ALEXANDER
E-mail: kalexander@gordonrees.com
RICHARD R. SPIRRA
E-mail: rspirra@gordonrees.com
MANUEL SALDANA
E-mail: msaldana@gordonrees.com
Counsel for Defendant: BIC USA, INC.

**Exhibit "A"**

JOHN DONBOLI (SBN: 205218)
jdonboli@delmarlawgroup.com
JL SEAN SLATTERY (SBN: 210965)
sslattery@delmarlawgroup.com
DEL MAR LAW GROUP, LLP
322 8th Street, Suite 101
Del Mar, CA 92014
Telephone: (858) 793-6244
Facsimile: (858) 793-6005

Attorneys for Plaintiff: DONNA R. NELSON, an individual and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA R. NELSON, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIC USA, Inc., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO: 3:07-cv-02367-LAB-RBB<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>(1) VIOLATION OF CONSUMERS LEGAL REMEDIES ACT (CIVIL CODE SECTION 1750 ET SEQ.);<br><br>(2) VIOLATION OF BUSINESS & PROFESSIONS CODE SECTIONS 17200 *ET SEQ*. (CALIFORNIA UNFAIR COMPETITION LAW); AND<br><br>(3) VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17533.7 (FALSE "MADE IN USA" CLAIM).<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, plaintiff DONNA R. NELSON ("Plaintiff"), as an individual and on behalf of the general public and all others similarly situated, by her undersigned attorneys, alleges as follows:

/ / /

**NATURE OF THE CASE**

1. This is a class action case brought on behalf of all purchasers of disposable lighter products manufactured, distributed, marketed, and/or sold by BIC USA, INC. ("BIC"). Through a fraudulent, unlawful, deceptive and unfair course of conduct, BIC, and DOES 1 through 100 (collectively "Defendant"), manufactured, marketed, and/or sold the BIC "Maxi" disposable lighter to the California general pubic with the false designation and representation that BIC's disposable lighters were "MADE IN USA." The "MADE IN USA" claim is printed on the product and the products' packaging typically includes prominent pictures of the U.S.A flag. Contrary to its unqualified "MADE IN USA" designation, the BIC disposable lighter is actually made with component parts that are manufactured outside of the United States in violation of California law.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter in that Defendants routinely transact business in San Diego County.

3. Venue in this Court is proper pursuant to Code of Civil Procedure Section 395 and 395.5, Business & Professions Code §§ 17203, 17204, and Civil Code § 1780(c) because Defendant does business in San Diego County and Plaintiff's transactions took place within the County.

**PARTIES**

4. Plaintiff is an individual residing in San Diego, California.

5. Defendant BIC is a corporation that is organized and exists under the laws of the State of Delaware. BIC's principal place of business is located at 500 BIC Drive, Milford, CT 06460. BIC may be served with process in this matter by serving its California registered agent for service of process, CT Corporation, 818 West Seventh Street, Los Angeles, CA 90017.

6. BIC is a leading manufacturer and distributor of disposable lighters in the United States and the number one worldwide manufacturer of branded lighters. BIC maintains the following website: www.bicworld.com.

-2-
FIRST AMENDED COMPLAINT

1    7.    Plaintiff is ignorant of the true names and capacities of the defendants sued
2 herein as DOES 1-100, inclusive; therefore, Plaintiff sues these defendants by such fictitious
3 names. Plaintiff is informed and believes that each of the fictitious named defendants are legally
4 responsible in some manner for the occurrences herein alleged, assisted in and about the wrongs
5 complained herein by providing financial support, advice, resources or other assistance.  Plaintiff
6 will amend the complaint to allege their true names and capacities when ascertained.

7    8.    Plaintiff is informed and believes that all defendants were agents, servants and
8 employees of their co-defendants, and in doing the things hereinafter mentioned, were acting
9 within the scope of their authority as such agents, servants and employees with the permission
10 and consent of their co-defendants.

11    **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12    9.    Plaintiff incorporates herein each and every allegation contained in paragraphs 1
13 through 8, inclusive, as though fully set forth herein.

14    10.    Defendant manufactures and markets the BIC "Maxi" disposable lighters that
15 have printed on the product itself and the product packaging an unqualified "MADE IN USA"
16 country of origin designation.

17    11.    Defendant also routinely places prominent images of the U.S.A. flag on the
18 packaging of the BIC lighters to signify that its products are "MADE IN USA."

19    12.    The BIC "Maxi" disposable lighter marked "MADE IN USA" is made,
20 manufactured or produced with component parts that are manufactured outside of the United
21 States.

22    13.    The BIC "Maxi" disposable lighter marked "MADE IN USA," as currently
23 offered for sale in California, contains a component part referred to as the "Hood" that is not
24 manufactured in the United States.

25    14.    The BIC "Maxi" disposable lighter marked "MADE IN USA," as currently
26 offered for sale in California, contains a component part referred to as the "Spark Wheel" that is
27 not manufactured in the United States.

28

-3-

FIRST AMENDED COMPLAINT

1  15. The BIC "Maxi" disposable lighter marked "MADE IN USA," as currently offered for sale in California, contains a component part referred to as the "Jet" that is not manufactured in the United States.

4  16. The BIC "Maxi" disposable lighter marked "MADE IN USA," as currently offered for sale in California, contains a component part referred to as the "Fork" that is not manufactured in the United States.

7  17. The BIC "Maxi" disposable lighter marked "MADE IN USA," as currently offered for sale in California, contains a component part referred to as the "Fork Spring" that is not manufactured in the United States.

10  18. The BIC "Maxi" disposable lighter marked "MADE IN USA," as currently offered for sale in California, contains flint that is produced outside of the United States.

12  19. The BIC "Maxi" disposable lighter marked "MADE IN USA," as currently offered for sale in California, contains a component part referred to as the "Flint Spring" that is not manufactured in the United States.

15  20. The BIC "Maxi" disposable lighter marked "MADE IN USA," as currently offered for sale in California, contains a component part referred to as the "Valve" that is not manufactured in the United States.

18  21. The BIC "Maxi" disposable lighter marked "MADE IN USA," as currently offered for sale in California, contains a component part referred to as the "Metal Ball" that is not manufactured in the United States.

21  22. The BIC "Maxi" disposable lighter marked "MADE IN USA," as currently offered for sale in California, contains a component part referred to as the "Base" that is not manufactured in the United States.

24  23. The BIC "Maxi" disposable lighter marked "MADE IN USA," as currently offered for sale in California, contains a component part referred to as the "Body" that is not manufactured in the United States.

27  24. The BIC "Maxi" disposable lighter marked "MADE IN USA," as currently

-4-
FIRST AMENDED COMPLAINT

1 offered for sale in California, contains a component part referred to as the "Fuel" that is not
2 manufactured in the United States.
3     25. Prior to January 1, 2007, the BIC "Maxi" disposable lighter marked "MADE IN
4 USA," contained a component part referred to as the "Hood" that was not manufactured in the
5 United States.
6     26. Prior to January 1, 2007, the BIC "Maxi" disposable lighter marked "MADE IN
7 USA," contained a component part referred to as the "Spark Wheel" that was not manufactured
8 in the United States.
9     27. Prior to January 1, 2007, the BIC "Maxi" disposable lighter marked "MADE IN
10 USA," contained a component part referred to as the "Jet" that was not manufactured in the
11 United States.
12     28. Prior to January 1, 2007, the BIC "Maxi" disposable lighter marked "MADE IN
13 USA," contained a component part referred to as the "Fork" that was not manufactured in the
14 United States.
15     29. Prior to January 1, 2007, the BIC "Maxi" disposable lighter marked "MADE IN
16 USA," contained a component part referred to as the "Fork Spring" that was not manufactured in
17 the United States.
18     30. Prior to January 1, 2007, the BIC "Maxi" disposable lighter marked "MADE IN
19 USA" incorporated flint that was not produced in the United States.
20     31. Prior to January 1, 2007, the BIC "Maxi" disposable lighter marked "MADE IN
21 USA," contained a component part referred to as the "Fling Spring" that was not manufactured
22 in the United States.
23     32. Prior to January 1, 2007, the BIC "Maxi" disposable lighter marked "MADE IN
24 USA," contained a component part referred to as the "Valve" that was not manufactured in the
25 United States.
26     33. Prior to January 1, 2007, the BIC "Maxi" disposable lighter marked "MADE IN
27 USA," contained a component part referred to as the "Metal Ball" that was not manufactured in
28

-5-
FIRST AMENDED COMPLAINT

1 the United States.

2     34.    Prior to January 1, 2007, the BIC "Maxi" disposable lighter marked "MADE IN USA," contained a component part referred to as the "Base" that was not manufactured in the United States.

    35.    Prior to January 1, 2007, the BIC "Maxi" disposable lighter marked "MADE IN USA," contained a component part referred to as the "Body" that was not manufactured in the United States.

    36.    Prior to January 1, 2007, the BIC "Maxi" disposable lighter marked "MADE IN USA," contained a component part referred to as the "Fuel" that was not manufactured in the United States.

    37.    Defendant markets, and continues to market, and represent to the general public that the BIC disposable lighter is "MADE IN USA."

    38.    Defendant concealed the material facts at issue herein by failing to disclose to the general pubic the true facts regarding the country of origin designation appearing on the BIC disposable lighter and packaging.

    39.    The disclosure of this information was necessary in order to make Defendant's representation not misleading for want of disclosure of these omitted facts. Defendant possesses superior knowledge of the true facts which were not disclosed, thereby tolling the running of any applicable statute of limitations.

    40.    Consumers and users of these products are particularly vulnerable to these deceptive and fraudulent practices. Most consumers possess very limited knowledge of the likelihood that products, including the component parts therein, claimed to be made in the United States are in fact made in foreign countries. This is a material factor in many individuals' purchasing decisions, as they believe they are supporting American companies and American jobs.

    41.    Some consumers believe that "MADE IN USA" products are higher quality than their foreign-manufactured counterparts. Due to Defendant's scheme to defraud the market,

1  members of the general public were fraudulently induced to purchase Defendant's products at
2  premium prices.  During the relevant time period, BIC charged excess monies for its lighter
3  products, in comparison to its disposable lighter competitors, based on the false "MADE IN
4  USA" designation that was intended to deceive the California consumer.  California laws are
5  designed to protect consumers from this type of false representation and predatory conduct.
6  Defendant's scheme to defraud consumers is ongoing and will victimize consumers each and
7  every day until altered by judicial intervention.

8      42.    On information and belief, Defendant employs approximately 100 union
9  employees, who are members of United Steelworkers of America (Local 134), to currently
10  manufacture the BIC disposable lighters at issue in this case.

11      43.    BIC could potentially be employing 100 additional union employees to
12  manufacture its disposable lighters if it elected to produce all of the disposable lighter component
13  parts, which BIC currently procures from outside the United States, in its Connecticut
14  manufacturing facility.  BIC's actions relating to obtaining the disposable lighter component
15  parts from outside of the United States prevents hundreds of additional United Steelworkers of
16  America (Local 134) from having jobs at the BIC plant in Connecticut.

17  **THE PLAINTIFF TRANSACTIONS**

18      44.    On several occasions during the relevant statutory time period, Plaintiff
19  purchased many BIC disposable lighters in San Diego, California.  In each case, the product
20  itself was marked with "MADE IN USA."  In each case, the BIC disposable lighter unlawfully
21  contained component parts made outside of the United States and BIC was not entitled to
22  lawfully make a "MADE IN USA" representation.

23      45.    In each case when Plaintiff, and Class Members, purchased a BIC disposable
24  lighter, they relied upon Defendant's "MADE IN USA" representation in their purchasing
25  decision, which is typical of most California consumers, and they were deceived as a result of
26  Defendant's actions.  These purchasing decisions were supported by the prominent U.S.A.
27  representations made by Defendant, which is absent from most of Defendant's disposable lighter
28

1  competitors. Plaintiff believed at the time she purchased BIC disposable lighters that she was in
2  fact supporting U.S. jobs and the U.S. economy.

3      46.    In each case, Plaintiff suffered an "actual injury" because Plaintiff's money was
4  taken by Defendant as a result of Defendant's false "MADE IN USA" claims set forth on the
5  BIC disposable lighters. As such, Plaintiff and Class Members were injured as a result of
6  Defendant's false "MADE IN USA" representations that are at issue in this litigation.

## CLASS ALLEGATIONS

8      47.    Plaintiff brings this action on behalf of herself as an individual and on behalf of
9  all other persons similarly situated in the State of California who purchased Defendant's
10 products. Specifically, excluded from the class is any persons who have a controlling interest in
11 BIC, any of BIC's parent companies, subsidiaries, and BIC's officers, directors, managers,
12 shareholders and members of their immediate families; and their heirs, successors and assigns
13 (the "Class") pursuant to Code of Civil Procedure § 382 and Business & Professions Code §
14 17200 *et seq.* The class also does not include any persons who previously filed suit against BIC
15 for similar violations of California law.

16     48.    The members of the Class are so numerous that joinder of all members is
17 impracticable. The disposition of their claims in a class action will provide substantial benefits
18 to the parties and the Court. On information and belief, the exact number and identities of the
19 members of the Class are readily ascertainable from the records in Defendant's possession.

20     49.    There is a well-defined community of interest in the questions of law and fact
21 involved in this case.

22     50.    All causes of action herein have been brought and may properly be maintained as
23 a class action pursuant to the provisions of Code of Civil Procedure section 382 because there is
24 a well-defined community of interest in the litigation and the proposed class is easily
25 ascertainable:

26     a.    <u>Numerosity</u>: On information and belief, the Class is so numerous that the
27 individual joinder of all members would be impracticable.

28

-8-
FIRST AMENDED COMPLAINT

1  b. <u>Common Questions Predominate</u>: Common questions of law and fact exist as to all members of the Class, and those questions clearly predominate over any questions that might affect members individually. These common questions of law and fact include, for example, whether Defendants violated Section 17533.7 of the California Business & Professions Code by misrepresenting the national origin of its disposable lighter products because the component parts of these products are manufactured outside the United States and whether Defendant's actions in this regard constitute an unfair, unlawful, or fraudulent business practice pursuant to Section 17200 et seq. of the California Business & Professions Code.

c. <u>Typicality</u>: On information and belief, plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class sustained damages arising out of Defendant's common course of conduct complained herein.

d. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interest of the members of the Class because Plaintiff has no interests which are adverse to the interests of absent class members and because Plaintiff has retained counsel who possesses significant litigation experience regarding alleged violations of consumer statutes.

e. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since most class members' individual claims for damages are likely to be modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized and the potential for inconsistent or contradictory judgments will be avoided.

51. Plaintiff and Class Members do <u>not</u> seek Defendant's overall profits or gross

-9-
FIRST AMENDED COMPLAINT

1 revenues from the sale of the disposable lighters that are at issue in this litigation because it is not
2 the proper measure of damages in this case.

### FIRST CAUSE OF ACTION

(**Violation of Consumers Legal Remedies Act As Against All Defendants**)

52. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragaphs1 through 51, inclusive, of this complaint as though fully set forth herein.

53. California Civil Code Section 1750 *et seq.* (entitled the Consumers Legal Remedies Act) provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating The Consumers Legal Remedies Act is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> [C]onstrued liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

54. Defendant's products constituted "goods" as defined in Civil Code Section 1761(a).

55. Plaintiff, and Class members, are each a "Consumer" as defined in Civil Code Section 1761(d).

56. Each of Plaintiff's purchases of Defendant's products constituted a "transaction" as defined in Civil Code Section 1761(e).

57. Civil Code Section 1770(a)(4) and (9) provides that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:  Using deceptive representations or designations of geographic origin in connection with goods or services….Advertising good or services with intent not to sell them as marketed."

-10-
FIRST AMENDED COMPLAINT

1    58.    Defendant violated Civil Code Section 1770(a)(4) and (9) by marketing and
2 representing that its products are "MADE IN USA" when they actually contain component parts
3 that are manufactured outside of the United States.

4    59.    It is alleged on information and belief that Defendant's violations of the
5 Consumer's Legal Remedies Act set forth herein were done with awareness of the fact that the
6 conduct alleged was wrongful and were motivated solely for increased profit.  It is also alleged
7 on information and belief that Defendant did these acts knowing the harm that would result to
8 Plaintiff and that Defendant did these acts notwithstanding that knowledge.

9    60.    Plaintiff provided the requisite 30-day notice to BIC on April 18, 2008 by sending
10 a detailed correspondence via Federal Express to Mario Guevara, the CEO of BIC, which was
11 received by BIC on April 21, 2008 at 11:26 AM as per the Federal Express website; as such,
12 Plaintiff seeks actual and monetary damages in this litigation pursuant to Civil Code § 1780.

13        a.   Pursuant to Civil Code § 1782(d), Plaintiff is permitted to send the requisite
14             30-day notice to a defendant during the course of litigation and thereafter
15             amend the operative complaint to request damages under the CLRA.

16    61.    As a direct and proximate result of BIC's violations of the Consumers Legal
17 Remedies Act, Plaintiff and Class members are entitled to:  (a) actual damages according to
18 proof at time of trial; (b) a declaration that Defendants violated the Consumers Legal Remedies
19 Act, (c) an injunction preventing Defendants' unlawful actions, and (d) an award of punitive
20 damages pursuant to § 1780(a)(4).

21    62.    Plaintiff and Class Members suffered an "actual injury" because Plaintiff and
22 Class Members' money was taken by Defendant as a result of Defendant's false "MADE IN
23 USA" claims set forth on the BIC "Maxi" disposable lighters.

### SECOND CAUSE OF ACTION

(**Violation of Business & Prof. Code Section 17200 *Et Seq*. As Against All Defendants**)

26    63.    Plaintiff realleges and incorporates herein by reference all of the allegations
27 contained in Paragaphs1 through 62, inclusive, of this complaint as though fully set forth herein.
28

-11-
FIRST AMENDED COMPLAINT

1  64. Business & Professions Code section 17200 *et seq*. provides that unfair
2 competition means and includes "any unlawful, unfair or fraudulent business act or practice and
3 unfair, deceptive, untrue or misleading marketing."

4  65. By and through their conduct, including the conduct detailed above, Defendant
5 engaged in activities which constitute unlawful, unfair, and fraudulent business practices
6 prohibited by Business & Professions Code Section 17200 *et seq*. Beginning at an exact date
7 unknown as yet and continuing up through the present Defendant committed acts of unfair
8 competition, including those described above, by engaging in a pattern of "unlawful" business
9 practices, within the meaning of Business & Professions Code Section 17200 *et seq*., by
10 manufacturing, distributing, marketing products with a false country of origin designation and
11 violating Section 17533.7 by falsely claiming that the products referenced herein are "MADE IN
12 USA" that are made with component parts manufactured outside of the United States.

  a. In addition, beginning at an exact date unknown as yet and continuing up through the present Defendant committed additional acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Business & Professions Code Section 17200 et seq., by misrepresenting the BIC disposable lighter country of origin as "MADE IN USA," so third-party distributors that sell Defendant's disposable lighters to the federal government could unwittingly sell "foreign made" products in violation of the provisions of the Buy American Act. See 41 USC §§ 10a-10d.

22  66. Beginning at an exact date unknown as yet and continuing up through the present,
23 Defendant committed acts of unfair competition that are prohibited by Business and Professions
24 Code section 17200 *et seq*. Defendant engaged in a pattern of "unfair" business practices that
25 violate the wording and intent of the statutes, by engaging in practices that threatens an incipient
26 violation of law, or violates the policy or spirit of laws because its effects are comparable to or
27 the same as a violation of the law by manufacturing, distributing, and marketing products with a

28

-12-
FIRST AMENDED COMPLAINT

1  false country of origin designation and violating Section 17533.7 by falsely claiming that the
2  products referenced herein are "Made in U.S.A.**"** when they actually contain component parts
3  manufactured outside of the United States.
4        a.  Alternatively, Defendant engaged in a pattern of "unfair" business practices
5           that violate the wording and intent of the statutes, by engaging in practices
6           that are immoral, unethical, oppressive or unscrupulous, the utility (if any) of
7           which conduct is far outweighed by the harm done to consumers and public
8           policy by manufacturing, distributing, marketing, and advertising products
9           with the false claim that the products referenced herein are "Made in U.S.A."
10       b.  Alternatively, Defendant engaged in a pattern of "unfair" business practices
11          that violate the wording and intent of the statutes, by engaging in practices
12          wherein: (1) the injury to the consumer was substantial; (2) the injury was not
13          outweighed by any countervailing benefits to consumers or competition; and
14          (3) the injury was of the kind that the consumers themselves could not
15          reasonably have avoid by manufacturing, distributing, marketing, and
16          advertising products with the false claim that the products referenced herein
17          are "Made in U.S.A."
18     67.  Beginning at an exact date unknown as yet and continuing up through the present,
19 Defendant committed acts of unfair competition, including those described above, prohibited by
20 Business and Professions Code section 17200 *et seq.* by engaging in a pattern of "fraudulent"
21 business practices within the meaning of Business & Professions Code section 17200 *et seq.*, by
22 manufacturing, distributing, marketing products with a false country of origin designation and
23 violating Section 17533.7 by falsely claiming that the products referenced herein are "MADE IN
24 USA."
25     68.  Defendant engaged in these unlawful, unfair and fraudulent business practices for
26 the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others
27 similarly situated; thereby unjustly enriching Defendants.
28

69. As a result of the repeated violations described herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors and the public.

70. Defendant's unlawful, unfair and fraudulent business practices presents a continuing threat to the public in that Defendant continues to engage in illegal conduct.

71. Such acts and omissions are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200 *et seq*. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

72. As a direct and legal result of their unlawful, unfair and fraudulent conduct described herein, Defendant has been and will be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided their money to Defendant based on Defendant's fraudulent country of origin designation. The proper measure of the ill-gotten gains is set forth in the analysis contained in the seminal case of *Colgan v. Leatherman Tool Group, Inc.* (2006) Cal.App.4th 663 and is <u>not</u> determined by simply claiming that Defendant's overall "revenues" and/or "gross profits" exceeds $5 million dollars as it pertains to the disposable lighters that are at issue in this litigation.

73. Plaintiff and Class Members suffered an "actual injury" because Plaintiff and Class Members' money was taken by Defendant as a result of Defendant's false "MADE IN USA" claims set forth on the BIC disposable lighters.

74. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees under Code of Civil Procedure section 1021.5, which is available to a prevailing plaintiff who wins relief for the general public.

75. Plaintiff and Class Members suffered an "actual injury" because Plaintiff and Class Members' money was taken by Defendant as a result of Defendant's false "MADE IN USA" claims set forth on the BIC "Maxi" disposable lighters.

/ / /

/ / /

-14-
FIRST AMENDED COMPLAINT

## THIRD CAUSE OF ACTION

**(Violation of Business & Professions Code § 17533.7 As Against All Defendants)**

76. Plaintiff realleges and incorporates by reference Paragraphs 1 through 75, inclusive, as if set forth in full herein.

77. Business & Professions Code Section 17533.7 provides:

> It is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words "Made in U.S.A." "Made in America," "U.S.A.," or similar words when the merchandise or *any article, unit, or part thereof,* has been entirely or substantially made, manufactured, or produced outside of the United States. (emphasis added).

78. Defendant violated Business & Professions Code Section 17533.7 by selling and offering to sell merchandise in the State of California with the "MADE IN USA" label as fully set forth herein. The merchandise at issue in this case actually contains <u>component parts</u> that are manufactured outside of the United States.

79. It is alleged on information and belief that Defendant's violations of Business & Professions Code Section 17533.7 was done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit. It is also alleged on information and belief that Defendant did these acts knowing the harm that would result to Plaintiff and that Defendant did these acts notwithstanding that knowledge.

80. As a direct and proximate result of Defendant's violations of Business & Professions Code Section 17533.7, Plaintiff and Class members are entitled to restitution of excess monies paid to Defendant by Plaintiff and Class members relating to the false "MADE IN USA" claims on Defendant's disposable lighter products. The proper measure of damages in this regard is set forth in the analysis contained in *Leatherman* and is not determined by simply claiming that Defendant's overall "revenues" and/or "gross profits" exceeds $5 million dollars as it pertains to the disposable lighters that are at issue in this litigation.

1    81.   Plaintiff and Class Members suffered an "actual injury" because Plaintiff and
2 Class Members' money was taken by Defendant as a result of Defendant's false "MADE IN
3 USA" claims set forth on the BIC disposable lighters.

4    82.   In prosecuting this action for the enforcement of important rights affecting the
5 public interest, plaintiff seeks to recover attorneys' fees under Section 1021.5 of the Code of
6 Civil Procedure, which is available to a prevailing plaintiff who wins relief for the general
7 public.

8    83.   Plaintiff and Class Members suffered an "actual injury" because Plaintiff and
9 Class Members' money was taken by Defendant as a result of Defendant's false "MADE IN
10 USA" claims set forth on the BIC "Maxi" disposable lighters.

11    WHEREFORE, Plaintiff prays for relief and judgment against Defendants, as follows:

## **PRAYER**

13    1.   For a judgment declaring this action to be a proper class action;

14    2.   Damages according to proof (*See Colgan v. Leatherman Tool Group, Inc*.,
15 Cal.App.4th 663,696 (2nd Dist. 2006));

16    3.   Declaring that Defendants violated the provisions of California Business &
17 Professions Code Section 17200 *et seq*.;

18    4.   Pursuant to California Business & Professions Code Section 17204 and pursuant
19 to the equitable powers of this Court, enjoining Defendants, their subsidiaries, affiliates, and
20 their successors, agents, servants, officer, directors, employees, and all persons, acting in concert
21 with them, directly or indirectly, from engaging in conduct violative of California Business &
22 Professions Code Section 17200 *et seq*. as more fully described above;

23    5.   Pursuant to Business & Professions Code Section 17204, requiring Defendants to
24 provide restitution to compensate, and to restore all persons in interest, including all Class
25 members, with all monies acquired by means of Defendants' unfair competition to the extent
26 permitted by California law;

27    6.   A declaration that Defendants violated Business & Professions Code Section

1    17533.7;

2    7    A declaration that Defendants violated the Consumers Legal Remedies Act and that Plaintiff, and all others similarly situated, are entitled to actual damages pursuant to Civil Code § 1780;

3    8.   Punitive damages to the extent permitted by law pursuant to Civil Code § 1780(a)(4);

4    9.   Plaintiff's reasonable attorneys' fees as it relates to all three causes of action (pursuant to Civil Code § 1780 as it relates to the first cause of action and pursuant to Code of Civil Procedure § 1021.5 as it relates to the second and third causes of action);

5    10.  For costs of suit incurred herein;

6    11.  For prejudgment interest as allowed by law; and

7    12.  For such other and further relief as this Court finds just, equitable and proper, including, but not limited to, the remedy of disgorgement.

Dated: May 14, 2008                    Respectfully submitted,

                                       DEL MAR LAW GROUP, LLP


                                       by /s John H. Donboli              
                                          JOHN H. DONBOLI
                                          JL SEAN SLATTERY
                                          Attorneys for Plaintiff DONNA R. NELSON, an
                                          individual and on behalf of all others similarly
                                          situated

-17-
FIRST AMENDED COMPLAINT