JOHN DONBOLI (SBN: 205218)
jdonboli@delmarlawgroup.com
JL SEAN SLATTERY (SBN: 210965)
sslattery@delmarlawgroup.com
DEL MAR LAW GROUP, LLP
322 8th Street, Suite 101
Del Mar, CA 92014
Telephone: (858) 793-6244
Facsimile: (858) 793-6005

Attorneys for Plaintiff: DONNA R. NELSON, an individual and on behalf of all others similarly situated

KEVIN W. ALEXANDER (SBN 175204)
RICHARD SPIRRA (SBN 106361)
MANUEL S. SALDANA (SBN 137060)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendant: BIC USA, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA R. NELSON, an individual and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>BIC USA, Inc., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO: 3:07-cv-02367-LAB-RBB<br><br>**JOINT EX PARTE APPLICATION TO CONTINUE CLASS CERTIFICATION MOTION FILING DATES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>ACCOMPANYING DOCUMENTS:<br>Declaration of John H. Donboli<br><br>District Judge:   Judge Larry Alan Burns<br>Mag. Judge:   Judge Ruben B. Brooks |

Plaintiff DONNA R. NELSON ("Plaintiff") and defendant BIC USA, INC. ("Defendant" or "BIC") collectively present this Joint Ex Parte Application for an Order extending by 28 days the dates by which plaintiff's class certification motion and the supporting and opposing papers are to be filed. Good cause exists to continue the class certification motion filing dates for the reasons more fully set forth below and in the Declaration of John H. Donboli.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is a putative class action case. The First Amended Complaint asserts three causes of action, and is predicated on allegations that Defendant violated California law in the sale of its "BIC Maxi" disposable lighters. The "BIC Maxi" disposable lighters are sold with an unqualified "Made in USA" country of origin designation. Plaintiff alleges that the "Made in USA" country of origin designation is unlawful as the disposable lighters at issue herein contain some foreign-made component parts, allegedly in violation of California law. Defendant denies that it violated California law, and disputes Plaintiff's allegations.

### II. PROCEDURAL HISTORY

The Complaint was originally filed on November 13, 2007. See Notice of Removal, Page 3, ¶ 5, Lines 1-4, on file herein.

On or about November 19, 2007, BIC was served with a copy of the Summons and Complaint. See Notice of Removal, Page 3, ¶ 6, Lines 5-7, on file herein.

On or about December 5, 2007, BIC filed a Notice of Removal, and the case was assigned to the Hon. Irma E. Gonzalez (Case No. 3:07-cv-02367-IEG-BLM).

On or about January 3, 2008, the case was transferred to the Hon. Larry A. Burns (Case No. 3:07-cv-02367-LAB-RBB).

On February 1, 2008, the Court held an early neutral evaluation conference in the above-entitled action. See Order Following Early Neutral Evaluation Conference, Setting Rule 26 Compliance and Notice, on file herein.

On February 1, 2008, the Court issued its Case Management Conference Order that required that any motion to certify the class in this litigation be filed by June 2, 2008. See Case

Management Conference Order Regulating Discovery and Other Pretrial Proceedings, ¶ 4, p. 3, lines 4-5, on file herein.

On March 10, 2008, the parties submitted a Joint Motion to Continue Rule 26(A) Initial Disclosure Deadline, which was approved by this Court on April 2, 2008. See Order Granting Joint Motion of All Parties to Continue Rule 26(A) Initial Disclosure Deadline, on file herein.

On May 14, 2008, the parties submitted a Joint Motion of All Parties to Continue Litigation Dates Set Forth in Case Management Conference Order. This motion was based, *inter alia*, on the fact that Plaintiff anticipated filing an Amended Complaint, and Defendant anticipated filing a motion to dismiss some or all of the claims in the Amended Complaint. As a result, the date by which the parties would know what the final claims set forth in the pleadings would include would not occur until several weeks later than initially anticipated. Based on the dates the parties agreed to for filing the motion to dismiss, the parties anticipated the motion to dismiss would be heard in early August, and, if the motion was not granted, the class certification motion would be filed very shortly thereafter.

The motion to continue the litigation dates was granted *in part* on June 5, 2008. As it relates to the dates for filing the class certification motion papers, the parties mutually requested dates that were modified by the Court as follows:

| **Dates Requested by Parties in Joint Motion of All Parties to Continue Litigation Dates Set Forth in Case Management Conference Order** | **Order Granting Joint Motion of All Parties to Continue Litigation Dates Set Forth in Case Management Conference Order as Modified by the Court** |
|---|---|
| Plaintiff's final day to file a motion for class certification shall be <u>August 25, 2008</u> | Plaintiff's final day to file a motion for class certification shall be <u>July 28, 2008</u> |
| Defendant's final day to file its response in opposition to the motion for class certification shall be <u>September 15, 2008</u> | Defendant's final day to file its response in opposition to the motion for class certification shall be <u>August 18, 2008</u> |
| Plaintiff's final day to file a reply motion in support of the motion for class certification shall be <u>September 29, 2008</u> | Plaintiff's final day to file a reply motion in support of the motion for class certification shall be <u>September 2, 2008</u> |

1    At the time the motion to dismiss was filed (on July 2), the parties were informed by the
2 Court that, due to the Court's vacation schedule in August and the large number of motions on
3 the Court's calendar, the motion to dismiss could not be heard until September 8. Therefore,
4 based the dates set forth in the Court's scheduling order, all of the papers in support of, and in
5 opposition to, the class certification motion would have to be filed before the motion to dismiss
6 is set to be heard.
7    The parties hereby respectfully request a further modification of the litigation dates
8 relating to the filing of the class certification motion dates to mirror the dates originally
9 requested by the parties on May 14, 2008.

10 **III. GOOD CAUSE EXISTS TO GRANT AN ORDER CONTINUING THE CLASS**
11 **CERTIFICATION FILING REQUIREMENTS**

12    The parties met and conferred prior to submitting the Joint Motion of All Parties to
13 Continue Litigation Dates Set Forth in Case Management Conference Order and submitted their
14 proposed dates relating to the filing of the class certification motion after spending a
15 considerable amount of time evaluating various factors, including: (1) obtaining necessary
16 discovery from third-parties to support the filing of Plaintiff's motion for class certification
17 (Declaration of John H. Donboli, ¶ 2); and (2) having the motion to dismiss heard in early
18 August, i.e., before the class certification motion was filed. Included in the proposed time
19 schedule was the time-consuming and lengthy process of commissioning a survey of California
20 consumers to determine the effect of an unqualified "Made in USA" representation on California
21 consumers' purchasing decisions. (Declaration of John H. Donboli, ¶ 3). The results this
22 consumer survey, which have yet to be fully analyzed by Plaintiff's consultant and potential
23 expert witness and memorialized in a written declaration, are critical from Plaintiff's perspective
24 in establishing the necessary elements of class certification. The commissioning of the consumer
25 survey and the establishment of benchmark dates in the survey process were based in large parts
26 on the dates originally set forth in the Joint Motion of All Parties to Continue Litigation Dates
27 Set Forth in Case Management Conference Order dated May 14, 2008. (Declaration of John H.
28 Donboli, ¶ 4).

1      Plaintiff will be irreparably prejudiced if the last day to file the motion for class
2 certification does not get continued from July 28, 2008 to <u>August 25, 2008</u>. It also will be
3 impractical for the parties to submit briefing on the propriety of class treatment of the claims
4 prior to a ruling on Defendant's motion to dismiss some or all of the claims. Until that motion is
5 resolved, the parties will not know the scope of the claims being litigated, or whether all of the
6 claims may be dismissed. This application is not opposed by Defendant; rather, Defendant joins
7 Plaintiff in this application to continue the class certification filing dates. This Court has the
8 inherent authority to modify and continue the class certification dates.

## IV. CONCLUSION

     Based on the prejudicial effect that denying this application will impose on Plaintiff and the putative class, and the need to have the motion to dismiss heard (and the scope of the pleadings/claims resolved) before briefing on the class certification is completed, good cause exists to grant this ex parte application for an order continuing the class certification filing dates; thereby ensuring that Plaintiff is afforded an opportunity to receive the results of the consumer survey prior to the filing deadline of the motion for class certification.

Dated: July 16, 2008            DEL MAR LAW GROUP, LLP

by <u>s/John H. Donboli</u>
JOHN H. DONBOLI
E-mail: jdonboli@delmarlawgroup.com
JL SEAN SLATTERY
E-mail: sslattery@delmarlawgroup.com
Attorneys for Plaintiff DONNA NELSON, an individual and on behalf of all others similarly situated

Dated: July 16, 2008            GORDON & REES LLP

by: <u>s/Richard R. Spirra</u>
RICHARD R. SPIRRA
E-mail: rspirra@gordonrees.com
MANUEL SALDANA
E-mail: msaldana@gordonrees.com
Counsel for Defendant: BIC USA, INC.